## THE STATE v. DELBERT AKERS, Appellant.

Division Two, June 3, 1919.

1. **APPEAL: Filing of Bill of Exceptions: Not Shown by Record.** If the transcript of the record proper in a criminal case fails to show that the purported bill of exceptions was signed and filed in the circuit court, the matters contained in the bill are not reviewable on appeal.

2. **VERDICT: Contradictory: Two Counts Charging Same Offense: Guilty on One: Acquitted on The Other.** If the two counts of the information charge identical offenses, a verdict finding defendant guilty as charged in the first and not guilty upon the second, is inconsistent, and will not support a judgment. Defendant cannot be both guilty and not guilty of the crime.

3. ———: ———: **Discharge.** If the contradictory and inconsistent verdict will not support a judgment of conviction, neither will it support one of acquittal. So that where the two counts of the information charge the same offense, and the jury find defendant guilty as charged in the first and acquit him upon the second, defendant is not entitled to be discharged because of the contradictory verdict, but the judgment will be reversed, and the cause remanded for a new trial. [Overruling State v. Headrick, 179 Mo. 300.]

State v. Akers.

4. ———: ———: **Twice in Jeopardy.** That section of the Constitution that says no person shall again for the same offense be put in jeopardy "after being once acquitted by a jury" has in contemplation a legal verdict of acquittal. It does not apply to a verdict which is too inconsistent and contradictory to be considered either a verdict of conviction or a verdict of acquittal.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker,* Judge.

REVERSED AND REMANDED.

*Frank W. McAllister,* Attorney-General, and *S. E. Skelley,* Assistant Attorney-General, for respondent.

(1) The verdict of the jury is general in form and sufficient. (2) The judgment of the court is in accordance with the verdict and substantially in form and language approved. Kelly's Crim. Law & Practice, sec. 450. (3) The record proper contains no record entry of the filing of the bill of exceptions, nor does it contain any other mention of said bill of exceptions except abstract of the court's order, that defendant be given ninety days in which to file his bill of exceptions.

WILLIAMS, P. J.—From a judgment of the Dunklin Circuit Court, sentencing him to two years' imprisonment for the crime of grand larceny, defendant appeals.

The information was in two counts:

Count one in part charged "that on the 16th day of June, 1917, in the County of Dunklin and State of Missouri, one Delbert Akers, certain neat cattle, to-wit, one red cow and one black Jersey of the value of thirty-five dollars each, of the property and chattels of Lee Cook, then and there being found, then and there did feloniously steal, take and carry away," etc. Count one further charges one McMahon with being an accessory before the fact.

The second count charges in part "that on the 16th day of June, 1917, in the County of Dunklin and State

of Missouri, one Delbert Akers certain neat cattle to-wit, one red cow and one black Jersey cow of the value of thirty-five dollars each, of the property and chattels of Lee Cook, did then and there feloniously steal, take and carry away," etc. Count two further charges said McMahon with being an accessory after the fact.

A severance was granted and defendant Akers was separately tried. The jury returned the following verdict:

"We the jury find the defendant Delbert Akers, guilty of Grand Larceny as charged in the first count of the information and assess his punishment at imprisonment in the Penitentiary for a term of two years. And we find him not guilty upon the second count of the information."

I. The transcript of the record proper in this case fails to show that the purported bill of exceptions was signed and filed in the trial court. That Bill of being true, the matters contained in the bill Exceptions. of exceptions are not before us for review. [State v. George, 221 Mo. 519, l. c. 522.]

II. It will be noted that each count of the information charges appellant with the identical crime. The verdict finds him guilty under the first count and not guilty under the second count.

The verdict is entirely inconsistent, because the jury could not have legally found what their verdict says they did find. Appellant was either Contradictory guilty or not guilty of the crime, and could Verdict. not have been both as found by the jury. We therefore think the verdict is too contradictory to support a judgment of conviction.

The somewhat more difficult question now arises, what shall be done with the appellant? Shall he be ordered discharged or should the cause be remanded for a new trial?

In the case of State v. Headrick, 179 Mo. 300, under a very similar verdict it was held: (1) That the ver-

State v. Akers.

dict "is inconsistent and contradictory and cannot be permitted to stand." (2) That the portion of the verdict finding the defendant not guilty under one count operated as a bar to a conviction upon the other count, and that, therefore, the defendant was entitled to be discharged, which was accordingly ordered.

With that portion of the opinion in the Headrick case holding the verdict should not be permitted to stand because contradictory (and therefore the same as no verdict) we readily agree and have applied the rule thus announced in the case at bar. But with the portion of the above mentioned opinion holding that such a verdict operates as a bar to a further prosecution and authorizes a discharge of the prisoner we are unable to agree.

If the verdict in the Headrick case was too inconsistent to support a judgment of conviction it was likewise too inconsistent to support a judgment of acquittal. As has often been said, "it is a poor rule which does not work both ways."

It is true that Article 2, Section 23, of the Missouri Constitution, provides that a person shall not again for the same offense be put in jeopardy "after being once acquitted by a jury," but that constitutional provision undoubtedly has in contemplation a legal verdict of acquittal. The verdict held in review in the Headrick case and likewise the verdict in the case at bar, as has been pointed out above, are too contradictory to be considered a verdict either of conviction or acquittal.

We are therefore of the opinion that the decision in the Headrick case, in so far as it held that the appellant therein was, under the circumstances, entitled to be discharged, should be overruled.

Since the verdict in the case at bar was not sufficient to sustain either a judgment of conviction or a judgment of acquittal it necessarily follows that the judgment should be reversed and the cause remanded for a new trial.

It is so ordered. All concur.