**STATE of Missouri, Respondent,**

v.

**James E. BOYKINS, Appellant.**

No. 53396.

Supreme Court of Missouri, Division No. 2.

Nov. 12, 1968.

Motion for Rehearing or Transfer to Court En Banc Denied Dec. 9, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Peter J. Maniscalco, Sp. Asst. Atty. Gen., Clayton, for respondent.

Daniel P. Reardon, Jr., St. Louis, for appellant.

BARRETT, Commissioner.

The appellant, James E. Boykins, with a prior conviction of possession of a narcotic drug, has again been found guilty of possession of a narcotic drug, 7.32 grams of marijuana, and sentenced to fifteen years' imprisonment. RSMo 1959, §§ 195.010(5, 17), 195.020, 195.200.

■ The circumstances were that Officers Richmond and Isaiah Brown, assigned to the narcotic squad, were parked in an unmarked automobile in the 6000 block of Bartmer "watching the narcotic traffic (persons and automobiles in general) in that area." They saw Boykins come out of a house, enter a red Thunderbird automobile and drive away. They saw that he had "no city sticker" at the appropriate place on his windshield and at 5869 Etzel signalled to him by tapping the horn and waving and "pulled him to the curb." But, according to the officers, "just before he pulled to the curb, we noticed the left door, with him driving, and holding with the right hand, we noticed the left door open, and we observed something drop to the ground from the rear as we pulled in behind him, and I (Richmond) got out of the car immediately, and retrieved this packet, which was in a brown manila envelope." Richmond opened the envelope "and that's when I observed inside this green vegetable-like material resembling marijuana." And so Officer Richmond said, the defendant Boykins made no statement and refused to talk, but "after seeing and believing that it was marijuana, I placed the defendant under arrest for possession of marijuana, and then I also questioned him concerning the city vehicle license that was not on the windshield of his automobile." Both officers testified positively that the manila envelope was on the pavement, between the curbline and the automobile where the defendant had dropped it when Richmond picked it up. Police chemist Cordell Brown tested the material in the envelope and it contained 7.32 grams of marijuana. In passing it should be said that these circumstances support the charge and warrant the jury's finding of Boykins' guilt of possessing a narcotic drug. State v. Small, Mo., 423 S.W.2d 750.

Boykins denied that he ever saw or possessed the envelope and its contents—he said that the only time he ever saw it was "momentarily when Brown had it in his hand." He denied throwing the package from the automobile and claimed that their only conversation related to the city sticker which he said he in fact had but had not attached to the windshield.

■ In these circumstances appellant's counsel say that defendant "was arrested prior to the time he 'dropped' the package." They point to the statutory definition of an arrest, "by an actual restraint of the person of the defendant, or by his submission to the custody of the officer, under authority of a warrant or otherwise" (RSMo 1959, § 544.180) and say that in pulling in to the curb and stopping on signal he was arrested. Therefore it is argued that his subsequent arrest for possession of marijuana, the officers having no warrant, was without probable cause, illegal and entitled him to the suppression of the marijuana. In short, appellant contends that the circumstances of this case fall within and are governed by State v. Young, Mo., 425 S.W.2d 177; Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688; Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134; Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142, and, it may be added, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, and Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726, all cases in which there was an unlawful arrest, an illegal search and seizure, some of them in motor vehicles, and new trials because of the introduction of the illegally seized evidence.

It is not necessary to discuss these leading cases in detail and factually distinguish

them, the Beck, Henry and Rios cases have been distinguished in several of the Missouri cases hereinafter cited. Unlike the circumstances here, in State v. Young the officers, after erroneously stopping a motor vehicle for failure to display a license plate, saw two screwdrivers and an electric drill on the rear floor of the automobile and for that reason searched the automobile's trunk in which other tools were found. Following Mapp v. Ohio and the Henry case it was held that there was no probable cause for an arrest, that the search and seizure were unlawful and therefore, of course, the introduction in evidence of these articles violated the appellant's constitutional rights. Neither is it necessary here to repeat the circumstances and demonstrate precisely how and why they do not fall within the noted cases and rules. There have been several almost identical narcotics cases in this jurisdiction—instances in which defendants seeing or becoming aware of the approach of officers, drop to the floor or ground packages or boxes containing narcotics and in all those cases it is held that the circumstances refute as a matter of fact the foundation or basis of a claim of unlawful invasion of constitutional rights. In these circumstances there are several distinguishing factors. In the first place, in these circumstances, "there *was* no search; when he was stopped he took these from his pocket and held them up to open view, trying to dispose of them. The seizing under those circumstances was not a search and was entirely lawful." State v. Sain, Mo., 412 S.W.2d 131, 135. In this circumstance the lack of a license sticker, or the stopping of the vehicle for that purpose became immaterial. Before his automobile was stopped and before he had submitted himself to the custody of the officers the appellant, in plain sight, dropped the manila envelope to the street, it contained marijuana and plainly a new offense, a felony here, was committed in the presence of the officers and there was no unlawful arrest or illegal search and seizure and therefore *no invasion* of the appellant's federally protected constitutional rights.

In addition to State v. Sain, other precisely applicable and governing narcotics cases are State v. Owens, Mo., 391 S.W.2d 248; State v. Jefferson, Mo., 391 S.W.2d 885; State v. Baines, Mo., 394 S.W.2d 312.

In this view of the cause the appellant's other point, that he is entitled to a new trial on the ground of newly discovered evidence, may have become irrelevant. In this trial the defendant's half-brother Carlos J. Garner, was a witness on his behalf. He testified that he and Boykins owned the red Thunderbird, that he had driven it that day, that the clothes Boykins wore that day belonged to him, that others had worn them, the inference being that particles of marijuana found in the clothes were probably placed there by others. He also went to the police station after the arrest and said that he talked to Officer Richmond who had the clothes and finally said, "I stayed around, because he was asking me questions and things, and he gave me some receipts of the car, *and also a license sticker,* and then he took me to lunch." Now in the motion for new trial, because of newly discovered evidence Garner says that before Boykins' arrest he told Officers Richmond and Brown that he had had trouble with his half-brother, particularly with regard to the red Thunderbird, and he, apparently, enlisted their aid in this connection. The rambling affidavit is rather long but the gist of the newly discovered evidence is that Garner would now testify that Officers Richmond and Brown persuaded the witness to purposefully leave the license sticker off the car thus affording the officers a reason or opportunity, his affidavit said, "a legal reason to stop James" and thereafter search him or the automobile and discover marijuana.

■■■ As indicated this entire issue may have become irrelevant since irrespective of the license sticker there was a felony in the presence of the officers. At best the evidence would only reflect on the credibility of the officers and as the only case cited by the appellant says: "Newly dis-

covered *impeaching* testimony is not sufficient to warrant the granting of a new trial." State v. Pinkerman, Mo., 349 S.W. 2d 951. Garner was his brother's witness and there is really no reasonable explanation why this subject was not developed upon the trial. But, aside from the problem of whether this alleged newly discovered evidence is "material and would probably produce a different result" it may not be said in all the circumstances that the trial court abused its discretion in denying the motion. State v. Green, Mo., 305 S.W.2d 863, 873.

Accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM: The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.