**STATE of Missouri, Respondent,**

**v.**

**Kenneth BERRY, Appellant.**

**No. 54661.**

Supreme Court of Missouri,
Division No. 2.

Feb. 9, 1970.

John C. Danforth, Atty. Gen., Thomas L. Patten, Asst. Atty. Gen., Jefferson City, for respondent.

Donald V. Nangle, St. Louis, for appellant.

STOCKARD, Commissioner.

After expressly waiving in writing his right to a trial by jury, defendant was found guilty by the court of the unlawful possession of heroin and was sentenced to imprisonment for a term of five years.

Defendant's only contention on this appeal is that the trial court erred in failing to sustain his pretrial motion to suppress evidence. In his brief to this court defendant states that his motion for new trial was "limited to the question of pre-trial procedures; namely the consideration of his motion to suppress evidence," and that the "evidence introduced at the time of the trial on behalf of the State is beyond the scope of the issue properly presented for review * * *." The statement of facts

in defendant's brief is limited to the evidence presented at the pre-trial hearing on the motion to suppress.

Defendant did not testify at the hearing on the motion to suppress. Instead, as his only witness he called Police Officer Deffendall, one of the arresting officers, who testified to the following facts. On November 11, 1968, about 2:30 o'clock in the afternoon Officer Deffendall was driving a marked police car in the 1500 block south on North Twenty-second Street. Officer Wilmoth was a passenger. The officers saw defendant, known by them to have been in trouble previously for stealing and "narcotics." They pulled the car to the curb and called to him. At the time they had no warrant for his arrest and did not suspect him of having committed a crime. They called him over "to see what he was doing and where he was going." When defendant arrived at the car he thrust his hand into his coat pocket, and Officer Wilmoth grabbed his arm and simultaneously told him to remove his hand from his pocket. In explanation, the officer testified that "We didn't know if he had a gun or what." Defendant jerked his arm away and "lobbed" a bottle, which had a yellow lid and which contained some capsules, across the street into a vacant lot. Officer Wilmoth then placed defendant under arrest for "suspected possession of narcotics," and Officer Deffendall went across the street and recovered the bottle and the capsules. Defendant was then searched and in his coat pocket there was found a plastic bag which contained a substance which appeared to be the same as in the capsules. At the trial it was established that the capsules and the plastic bag contained heroin.

Defendant argues in his brief that after the police officer "invited him over, [he] assaulted [defendant] by grabbing his arm which he had placed in the jacket pocket," and that this evidence "is totally void of any showing of probable cause" for an arrest, and that subsequent developments "are tainted by this unprovoked assault" and are the "fruit of a poison tree."

 The action of the police officer in grabbing defendant's arm, under the circumstances did not constitute an unlawful assault. We need not determine if that action constituted an arrest. See § 544.-180, RSMo 1959, V.A.M.S. However, if it was an arrest, it was made on probable cause. See State v. Sampson, Mo., 408 S.W.2d 84, and the discussion there of a substantially similar factual situation. In this case, defendant threw a bottle containing capsules into a vacant lot, and they were there recovered by the police. They were not obtained from the person of defendant by the police as the result of a search. As stated in State v. Jefferson, Mo., 391 S.W.2d 885, 888, "Where the articles sought to be suppressed were * * * dropped or thrown away by the person arrested, and were picked up by the officers, the articles are admissible in evidence over an objection that they were seized as the result of an unlawful search." See also Vincent v. United States, 8 Cir., 361 F.2d 474, certiorari denied 385 U.S. 993, 87 S.Ct. 606, 17 L.Ed.2d 452; and State v. Baines, Mo., 394 S.W.2d 312, certiorari denied, 384 U.S. 992, 86 S.Ct. 1900, 16 L.Ed.2d 1008. The trial court correctly refused to suppress the bottle and capsules as evidence.

 The plastic bag was obtained by the police as the result of a search of defendant, but that search occurred after defendant had been lawfully placed under arrest, and the search was an incident thereto. As stated in Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688, if the defendant "voluntarily revealed the package of narcotics to the officers' view, a lawful arrest could then have been supported by their reasonable cause to believe that a felony was being committed in their presence." Here, the officers had probable cause to place defendant under arrest for the possession of narcotics, and

the search that followed by which the officers found the plastic bag was an incident thereto and was permissible and lawful. State v. Jefferson, supra; State v. Vollmar, Mo., 389 S.W.2d 20. The motion to suppress the plastic bag as evidence was properly overruled.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., MORGAN and FINCH, JJ., and HENLEY, Alternate Judge, concur.