**STATE of Missouri, Respondent,**

v.

**Lester C. JACKSON, Appellant.**

No. 56533.

Supreme Court of Missouri,
Division No. 1.

Feb. 22, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Alan B. Weber, St. Louis, for appellant.

HIGGINS, Commissioner.

Lester C. Jackson was convicted by the court of illegal and felonious possession of a narcotic drug, heroin; punishment was assessed at four years' imprisonment; and sentence and judgment were rendered accordingly. Criminal Rule 26.01, V.A.M.R.; §§ 195.020, 195.200, RSMo 1969, V.A.M.S.

Appellant tacitly concedes the sufficiency of evidence to sustain his conviction; and his principal contention is that the court erred in overruling his motion to suppress evidence and in admitting the quantity of heroin in evidence "because said evidence was seized as the result of an illegal search * * * violative of defendant's constitutional rights."

A brief statement of fact demonstrates the point is not well taken, and a submissible case as well.

In the early afternoon of June 15, 1970, Detective Robert Downey was riding in a police vehicle driven by Detective William Monroe, traveling east on Fairfax Avenue approaching Vandeventer, in St. Louis, Missouri. Defendant was a passenger in a vehicle immediately ahead of the police vehicle. As they approached Vandeventer, both vehicles were forced to stop behind a stalled dump truck blocking Fairfax Avenue. "My partner and myself got out of our vehicle to go to see if this truck driver needed help or for what reason he was parked in the street. As we got out of our car and walked toward the truck and also this vehicle here, Mr. Jackson exited from that vehicle, opened his car door; and as he stepped out, dropped a Bufferin bottle to the ground. * * * I thought it was a little suspicious at the time, and I noticed that Jackson had tracks on his arms. * * I seized the bottle and seen the contents of it which I believed to be a narcotic drug. At that time he was placed under arrest." Expert testimony showed the Bufferin bottle to contain 1.8 grams of heroin. The "tracks" on defendant's arms were visible at trial November 19, 1970, as "dark blue area there right in the —when you bend your arm right there."

Defendant's version was that he was a passenger in the front seat of a car driven by Wilson "Poncho" Paries, with Bob Covington in the back seat. He got out of the car as Officer Downey approached, at which time the officer, without warning or notice, searched him and the car, and found the "pills" in the car.

Appellant's argument, citing State v. Harris, Mo., 321 S.W.2d 468, Gullett v.

United States, 8 Cir., 387 F.2d 307, State v. Young, Mo., 425 S.W.2d 177, Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, is that search of the car was illegal because there was no warrant; and that there was no lawful arrest prior to search to make the search an incident to lawful arrest.

■ The difficulty with appellant's argument is that it is based on a version of the facts which the trial court did not have to believe. The evidence favorable to the court's finding is that defendant, himself, dropped or attempted to dispose of the bottle containing heroin, and that the officer simply retrieved it from the pavement. In such circumstances, there was no search; and, of course, there can be no unreasonable search and subsequent unlawful seizure absent a search in the first instance. State v. Watson, Mo., 329 Mo. 158, 44 S.W. 2d 132, 134 [4]. As stated, State v. Jefferson, Mo., 391 S.W.2d 885, 888 [3], "Where the articles sought to be suppressed were in plain sight of the arresting officer, were dropped or thrown away by the person arrested, and were picked up by the officers, the articles are admissible in evidence over an objection that they were seized as the result of an unlawful search." See also State v. Berry, Mo., 450 S.W.2d 212, 213 [2].

■ Appellant contends also that the court erred in considering defendant's "Hoover Sheet" because "it contained matters irrelevant and therefore was prejudicial * * *."

The record shows that the court's finding of guilt was made immediately upon conclusion of all the evidence. Only then was it indicated that the court would "listen to anything" either side had to say relative punishment. The court then permitted the state, over defendant's objection, to recite other convictions and arrests as shown by prior record, after which defendant's punishment was assessed. Defendant filed a motion for a new trial which came on for hearing January 8, 1971. The motion was denied and, upon allocution, defendant requested a presentence investigation, the report of which he understood could show even more against him, as well as showing the matters from the "Hoover Sheet." The presentence investigation was made and defendant came on again for allocution and sentencing January 22, 1971, at which time the court sentenced defendant in accordance with the verdict and previous assessment of punishment. Under such circumstances, there can be no question of prejudice by quantum of punishment. The sentence is within the limit prescribed by Section 195.200, supra. Appellant concedes that under Criminal Rule 27.07, V.A.M.R., the court may consider a defendant's prior criminal "record" in assessment and sentencing; and that prior criminal convictions may be considered, State v. Armstrong, Mo., 433 S.W.2d 270, 272 [5]. And, against a similar contention that a trial judge was unfair, biased, and prejudicial in the sentencing procedure, it was held proper for the trial judge to consider background, publicity, and frequent brushes with the law, as well as the nature and character of the offense together with propensities of the offender, in arriving at punishment. State v. Cline, Mo., 452 S.W.2d 190, 195[13, 14]. Compare United States v. Tucker, 1972, 404 U.S. ——, 92 S.Ct. 589, 30 L.Ed.2d 592.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the Court.

All of the Judges concur.