**STATE of Missouri, Plaintiff-Respondent,**

v.

**Gordon JENKINS, Defendant-Appellant.**

No. 35329.

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 28, 1974.

Hanks & Taylor, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Ellen S. Roper, G. Michael O'Neal, Asst. Attys. Gen., Brendan Ryan, Circuit Atty., Julian D. Cosentino, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant Gordon Jenkins, appeals from the judgment on a jury verdict entered by the Circuit Court for Criminal Causes of

the City of St. Louis convicting him of the offense of robbery in the first degree by means of a dangerous and deadly weapon, § 560.135, RSMo 1969, V.A.M.S. The defendant, a first offender, was sentenced by the court to twelve years in the penitentiary, § 546.440, RSMo 1969 V.A.M.S. We affirm the judgment of the Circuit Court.

The defendant claims the court committed error in violating defendant's right to a fair and impartial trial by overruling his motion for a mistrial; violating his right to due process by admitting an oral statement into evidence at trial without a proper *prior* hearing to determine its voluntariness; violating his right to trial by an impartial jury; by accepting inconsistent verdicts and in assessing excessive and improper punishment. Briefly, the facts are as follows.

In the early morning of June 23, 1973, three men, two of whose faces were not concealed, held up Beulah's Bar. Two of the men displayed pistols. The owner, Margaret Saunders, and several patrons, one of whom was also robbed, were present. The first man to enter was armed and announced the robbery; the third man, whose face was concealed and who was also armed, remained at the door. The second man was identified as the defendant ten days later at a police lineup.

Testimony of the tavern owner and of the patron who was robbed, Stanley Hackney, indicated that the second hold-up man was unarmed and his face was not concealed. According to the witnesses, he vaulted the bar, removed $205 in cash from the register which he had ordered Ms Saunders to open, rummaged through some drawers behind the counter, vaulted back across, stopped to take a black onyx ring from the patron seated at the bar, and then left with his companions.

Ten days later, the day defendant was released from a hospital,[1] he was arrested at his home without a warrant, interrogated, and placed in several police lineups. The defendant, who had recently had his eighteenth birthday, wore glasses and had a mustache. Although there was no evidence of such a description of one of the robbers, defendant was identified as the number two man in the holdup at Beulah's, at least partially on the basis of a ring he was wearing. A turquoise ring was seized from him and he was further interrogated, during which an oral statement consisting of the details of the robbery was, according to police testimony, elicited from him after full *Miranda* warnings. The contents of the statement were introduced at trial without a prior hearing to determine its voluntariness *via* two police witnesses, one of whom conducted both lineup and interrogation, and who took the statement which he included in his police report.

Both at the subsequent hearing and later at trial in his own defense, the defendant, who had an eighth grade education, testified that the ring taken from him after the lineup was his, that he had won it shooting dice some 2–3 months prior; that he lived with his family and was home on the evening in question; that the police burst in to arrest him and he was not informed of his rights (to remain silent, to have retained or appointed counsel present, etc.); that he, in fact, made no statement except that he didn't know anything about the robbery in question.

Defendant first argues the denial of a fair trial by the court's refusal to declare a mistrial on the grounds that (1) defendant was prejudicially surprised by the existence and introduction of the oral statement which (2) was suppressed by the prosecution until trial, and (3) defendant was thereby prevented from adequately preparing his defense.

Inasmuch as defendant failed to assign this claim of error in his motion for a new trial, it has not been preserved for ap-

---

1. It appeared that defendant had been treated for a gunshot wound he allegedly sustained in a subsequent holdup attempt.

pellate review. Rule 27.20(a) V.A.M.R.; State v. Rowden, 452 S.W.2d 210 (Mo. 1970).

■ Defendant next contends that the court erred in not holding the hearing on voluntariness before the confession was actually introduced. According to defendant, once a confession has been introduced into evidence it must be presumed that the court can no longer render an impartial decision as to the statement's voluntariness. No authority, however, is cited for that proposition. In State v. Harper, 465 S.W.2d 547 (Mo.1971), it was held that unless a defendant objects to testimony or requests a hearing on voluntariness, a hearing is not required to be given. Here, defendant neither requested a hearing nor raised any objection to the confession's admissibility either before or during Officer McFadden's testimony. Consequently, in this posture we can find no error on the part of the court in holding a hearing on its own motion to determine voluntariness of the statement, although the jury had heard it.

■ Next, defendant argues that the twelve (12) years sentence in the custody of the Department of Corrections assessed by the court was the result of bias and prejudice. As the jury was unable to agree upon the sentence to be imposed, the court assessed punishment itself, pursuant to § 546.440, RSMo 1969, V.A.M.S.; Rule 27.03, V.A.M.R. Under the provisions of § 560.135, RSMo 1969, V.A.M.S., as modified by Furman v. Georgia, 408 U.S. 238, 92 S. Ct. 2726, 33 L.Ed.2d 346 (1972), the court was authorized to fix defendant's punishment between five (5) years to life imprisonment. The court assessed punishment at twelve (12) years. In State v. Burton, 355 Mo. 792, 198 S.W.2d 19 (1946), the court held that on a claim of bias and prejudice on the part of the court in its assessment of punishment the review is limited to whether the court was influenced by motives of prejudice or induced by corruption. In support of his claim of prejudice and bias, defendant points out that at the time of sentencing the court was reminded that other charges were pending against him. But the court made it clear to all parties that this fact would not be considered in assessing punishment, and we have no reason to believe that the court acted in bad faith. While it is true that the court stated it did not believe defendant's testimony during the trial, and characterized him as a member of a young gang of armed robbers; however, its statement merely reflects the facts as found by the jury. Thus, no prejudice is shown. State v. Crockett, 419 S.W.2d 22 (Mo.1967).

■ Since the jury found defendant guilty on Count I (robbery of Margaret Saunders), and not guilty on Count II (robbery of Stanley Hackney), defendant claims that the verdicts are defective because they are inconsistent. In Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), the U. S. Supreme Court held that separate counts must be treated as separate indictments the results of which would not be res judicata as to each other, and that the not guilty verdict is indicative only that the jury usurped the executive's power to grant clemency. The courts following this rule have declined to speculate as to the reasoning by which the jury arrived at its verdict but have affirmed the conviction notwithstanding its logical inconsistency with the acquittal. Neither of the cases cited by defendant is in point. In State v. Akers, 278 Mo. 368, 213 S.W. 424 (1919), the defendant was tried for the same crime on two different counts, and a verdict of guilty on one count and not guilty on the other was held defective. In State v. Cline, 447 S.W.2d 538 (Mo. banc 1969) it was held that a finding of guilty of burglarious stealing was incompatible with an acquittal for burglary where the two were based on the same incident, since burglary was a necessary element of the other offense. In our case, defendant was charged with the robbery of two separate individuals, the jury chose to find him guilty of the robbery of Margaret Saunders only, and not Stanley Hackney;

therefore, inasmuch as the verdict was favorable to him, he cannot be heard to complain. State v. Robb, 439 S.W.2d 510, 513 (Mo.1969). Nor, are we inclined to speculate why the jury reached the result it did. From the record defendant's testimony supports the affirmative defense of alibi; however, no instruction was requested or given for this defense. We leave open what our holding would have been had such a defense been submitted and the jury reached the results it did. In any event, the robbery here required the proof of separate elements, i. e., different individuals and different properties taken; therefore, the verdict will not be disturbed.

Judgment affirmed.

CLEMENS, Acting P. J., and GUNN, J., concur.