**STATE of Missouri, Respondent,**

v.

**James HALL, Jr., Appellant.**

**No. 36283.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 20, 1976.

Motion for Rehearing or Transfer
Denied Feb. 26, 1976.

Application to Transfer Denied
April 14, 1976.

Charles D. Kitchin, Public Defender, James C. Jones, James W. Whitney, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

James Hall, Jr., was found guilty of illegal possession of heroin, a Schedule 1 Controlled Substance, under § 195.020, RSMo 1969; upon that verdict and the court's finding of a prior conviction for. "narcotic drug offense," he was sentenced to five years imprisonment. From this conviction Hall appeals. As no objection is raised to the sufficiency of the evidence, a brief statement of facts pertinent to the point appealed will suffice.

On May 23, 1973, at approximately 2 p. m., appellant was riding in the front seat of an automobile stopped by two police officers for failure to display a front license plate. Walter Johnson, one of the passengers in the back seat, was recognized by the arresting officer as a prior narcotics offender. While standing outside the car, one officer noticed appellant open his right hand, drop a silver packet to the floor of the automobile and cover it with his left foot. The other officer saw appellant move his right hand and left foot but did not see the article drop to the floor. The arresting officer reached across the front seat, lifted appellant's left foot, retrieved the silver packet, found it contained white powder and placed appellant under arrest. The powder was later determined to be heroin.

Supreme Court Rule 33.03(a)(5) requires a pre-trial motion to suppress questioned evidence be filed in advance of the trial.[1] *State v. Yowell,* 513 S.W.2d 397, 402[1] (Mo. banc 1974); *State v. Lockhart,* 501 S.W.2d 163, 166[5] (Mo.1973); *State v. Thompson,* 490 S.W.2d 50, 52[2] (Mo.1973). The validity of the search and the admissibility in evidence of the fruits of the search present issues collateral to the issue of guilt which are to be tried independently, *State v. Dalton,* 23 S.W.2d 1, 5[6] (Mo.1929). The issue must be kept alive by timely objection during trial, *State v. Yowell, supra; State v. Bryson,* 506 S.W.2d 358, 362[3] (Mo.1974), and must be preserved in a motion for new trial. *State v. Bryson, supra; State v. Holt,* 415 S.W.2d 761 (Mo.1967).

Appellant filed *no pre-trial motions* contesting the admissibility of the heroin as evidence and though at trial his objection to admission of the heroin on the grounds "it was unconstitutionally obtained" was overruled, no further relief was requested and *no motion for new trial* was filed. On this appeal Hall contends the heroin was obtained as a result of illegal search and seizure and though the point is not preserved for appellate review, he seeks our consideration of the issue as "plain error" under Supreme Court Rule 27.20(c).

The plain error doctrine may be applied when in the court's discretion "substantial rights" have been affected and "manifest injustice" or "miscarriage of justice" has resulted. The doctrine is applied on a case by case basis depending on the facts and circumstances of the case. *State v. Patterson,* 443 S.W.2d 104 (Mo. banc 1969). As the challenged evidence was the sole basis of appellant's conviction in the case at bar, we discuss the issue briefly. *State v. Sockel,* 490 S.W.2d 336 (Mo.App. 1973).

Appellant by arguing an illegal search and seizure misconceives the nature of the case. In the first place, there was no search in the constitutionally protected sense. When the car was stopped, appellant saw or became aware of the approach and presence of the officers. Before he was in custody of the officers, appellant, in plain sight, dropped the silver packet containing heroin to the floor of the car and attempted to hide it with his foot. Clearly a new offense (a felony) was committed in the presence of the officers and there was no unlawful arrest or illegal search, and therefore, no invasion of appellant's federally protected constitutional rights. *State v. Boykins,* 434 S.W.2d 484, 486[2] (Mo.1968).

Courts in warrantless search cases have upheld the admission of evidence under the *plain view* exception in the so-called "dropsy" cases where an officer sees the defendant drop evidence and the officer then seizes it. *State v. Boykins,* supra; *State v. Baines,* 394 S.W.2d 312 (Mo.1965); *State v. Jefferson,* 391 S.W.2d 885 (Mo. 1965). Dropsy cases are ". . . instances in which defendants seeing or becoming aware of the approach of officers, drop to the floor or ground packages or boxes containing narcotics and in all those cases it is held that the circumstances refute as a matter of fact the foundation or basis of a claim of unlawful invasion of constitutional rights." *State v. Boykins,* supra. The rule in "dropsy" cases is stated by the court in *State v. Baines,* 394 S.W.2d 312, 315[4] (Mo. 1965), cert. den., 384 U.S. 992, 86 S.Ct. 1900, 16 L.Ed.2d 1008 (1966), "Where the articles sought to be suppressed were in plain sight of the arresting officer, were dropped or thrown away by the person arrested, and were picked up by the officers, the articles are admissible in evidence over an objection that they were seized as the result of an unlawful search."

---

1. The sole exception to the rule occurs when the defendant "had no reason to anticipate the evidence would be introduced and was surprised." *State v. O'Brien,* 252 S.W.2d 357, 359[2] (Mo.1952). Here appellant made no claim of surprise and the record would not support such claim if made.

■ Appellant contends that officers can only seize objects of *incriminating* character under the plain view rule and that the silver packet seized in the instant case does not fall in this category. Under suspicious circumstances, however, innocent looking objects may be legally seized as incriminating evidence. *State v. McCarthy,* 452 S.W.2d 211, 215 (Mo.1970); *State v. Achter,* 512 S.W.2d 894, 904 (Mo.App.1974). The objects seized in many "dropsy" cases are innocuous. See *State v. Cage,* 452 S.W.2d 125 (Mo.1970). In the instant case, appellant on cross-examination admitted it was common to keep heroin in capsules in tin foil packets.

It is clear that admission of the heroin in evidence did not constitute error, a fortiori, not plain error.

The judgment is affirmed.

WEIER, P. J., and DOWD, J., concur.