**STATE of Missouri, Respondent,**

v.

**Felix BRIGGS, Appellant.**

**No. KCD 28259.**

Missouri Court of Appeals, Kansas City District.

Oct. 12, 1976.

---

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

By a two-count information in the Jackson County Circuit Court, Felix Briggs was charged with rape and burglary, second degree. On a jury-waived trial, he was found guilty of rape and not guilty of burglary. He appeals from the judgment and 12-year sentence on the rape charge.

The sole contention of appellant here is that the judgment of conviction cannot stand because the trial court's finding was "inherently contradictory and totally unsupported by substantial evidence in that all the evidence offered demonstrated that the appellant could not be acquitted of the charge of burglary yet be found guilty of rape."

The charge against appellant was based upon his allegedly forcible entry of an apartment in Kansas City and rape of the occupant. The victim, H. O., testified that she was awakened at around 4:30 A. M. and heard someone moving from the hallway into the dining room of her apartment. An arm holding a pistol appeared at the bedroom door. She screamed and was warned by the intruder not to scream again. He asked where her money was and she said she had none and showed him her purse, but he did not examine its contents. After some conversation, according to H. O., the intruder asked her to have sex with him. She asked if she had any choice and was told no. She submitted without a struggle because she was frightened. When the intruder left, she went to a neighboring apartment and called the police. Officers arrived shortly and a description of the assailant was broadcast. A short time later, a police officer who heard the radio call saw a man who answered the description walking some four blocks from the scene of the event. He placed the man under arrest. The man first gave the name James Anderson but he was subsequently found to be appellant Briggs. The victim identified Briggs at a line-up and at the trial.

The victim testified that the doors and windows of her apartment had been locked before she went to bed. She discovered that a screen had been removed from a bathroom window. A police officer found the screen on the ground below the window.

Briggs testified at his trial. He testified that he was walking past the apartment and saw the alleged victim seated on the front porch. He struck up a friendly conversation with her which culminated in her willingly consenting to sexual intercourse which was performed in her bedroom.

At the conclusion of the trial, the court stated, in part:

"With respect to the Count of burglary in the second degree, there is some evidence of an intent to steal but I am not quite certain whether or not an intent to commit rape is sufficient but in my mind, there was no intent to steal when he went into the apart-

ment. I think he had an intent to commit the act of rape, but as I say, it doesn't make a lot of difference because one way or the other, I find the defendant, on the basis of the evidence that I have heard on Count II, which I believe is the burglary second degree count, I find the defendant not guilty and on that charge, he is discharged."

Appellant argues that inasmuch as the evidence of his guilt of both of the offenses with which he was charged comes essentially from the alleged victim, and her testimony was unequivocally that the same person committed both offenses, his acquittal of the burglary charge demonstrates conclusively a lack of substantial evidence to support the conviction for rape.

Basically this is a contention that the verdict is so logically inconsistent that it cannot be permitted to stand. In support of this position, appellant cites *State v. Cline*, 447 S.W.2d 538 (Mo.banc 1969), and *State v. Akers*, 278 Mo. 368, 213 S.W. 424 (1919). These cases were recently considered in *State v. Jenkins*, 510 S.W.2d 491, 493–494[5] (Mo.App.1974), a case in which it was contended that a verdict acquitting a defendant of robbery of one person but finding him guilty of robbery of a second person at the same time and place was defective because of inconsistency. The court rejected the contention, stating:

"Since the jury found defendant guilty on Count I (robbery of Margaret Saunders), and not guilty on Count II (robbery of Stanley Hackney), defendant claims that the verdicts are defective because they are inconsistent. In *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), the U.S. Supreme Court held that separate counts must be treated as separate indictments the results of which would not be res judicata as to each other, and that the not guilty verdict is indicative only that the jury usurped the executive's power to grant clemency. The courts following this rule have declined to speculate as to the reasoning by which the jury arrived at its verdict but have affirmed the conviction notwithstanding its logical inconsistency with the acquittal. Neither of the cases cited by

defendant is in point. In *State v. Akers*, 278 Mo. 368, 213 S.W. 424 (1919), the defendant was tried for the same crime on two different counts, and a verdict of guilty on one count and not guilty on the other was held defective. In *State v. Cline*, 447 S.W.2d 538 (Mo.banc 1969) it was held that a finding of guilty of burglarious stealing was incompatible with an acquittal for burglary where the two were based on the same incident, since burglary was a necessary element of the other offense. In our case, defendant was charged with the robbery of two separate individuals, the jury chose to find him guilty of the robbery of Margaret Saunders only, and not Stanley Hackney; therefore, inasmuch as the verdict was favorable to him, he cannot be heard to complain. *State v. Robb*, 439 S.W.2d 510, 513 (Mo.1969). Nor, are we inclined to speculate why the jury reached the result it did."

The distinctions there made apply here. The acquittal of the burglary charge did not negative a finding of the existence of an essential element of the rape charge. Certainly the charges were not identical.

The holding in *State v. Jenkins*, supra, is an application of the general rule that logical consistency in a verdict in a criminal trial of a multiple count charge is not necessary. 76 Am.Jur.2d Trial, 66 1155–1159, pp. 123–127 (1975); Annotation: "Inconsistency of Criminal Verdict as Between Different Counts of Indictment or Information," 18 A.L.R.3d 259 (1968); *Dunn v. U. S.*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). In *United States v. Maybury*, 274 F.2d 899 (2d Cir. 1960), the court held that in a court-tried case, the judge as fact finder should be held to a different standard of consistency. In that case, a defendant charged with forging a check and uttering the forged check was acquitted in a non-jury trial on the first charge but convicted of the second. The conviction was reversed and a new trial of the charge ordered on the grounds that there was no logical basis for a finding of guilt on the one charge and innocence on the other when both charges were based upon essen-

tially the same evidence and the proof as to both counts was dependent upon the credibility of such evidence. The court concluded that "acquittal of forging the endorsement was inconsistent with conviction for uttering, and we can have no such confidence in the correctness of the judgment for the latter as is needed to permit it to stand." 274 F.2d 904.

The reasoning of that case is not here applicable. Here, the trial court explained his reason for failing to find appellant guilty of the burglary charge. That charge was based upon a breaking and entering with intent to steal and the court was not convinced that such intent had been proved beyond a reasonable doubt. This conclusion might have been based upon a faulty recollection of the evidence on the subject. Appellant acknowledges that the evidence would have supported a finding of guilt on the burglary charge. The summations of counsel are not contained in the transcript so there is no way to know here what evidence had been called to the court's attention. Nor is it known what argument might have been advanced by defense counsel on this score and found convincing by the court. It is clear from the judge's remarks in arriving at his conclusion that he was primarily concerned with the rape charge. He might have concluded that, although the intruder demanded money, his lack of concern about the victim's purse, rather than the words he used, disclosed his true intent—to rape, which was not the basis of the charge.

■ In this case, the trial judge did explain the reason for his acquittal on the burglary charge. The acquittal on that charge did not negative a finding of any of the essential elements of the rape charge. There was substantial evidence to support the rape charge. Appellant cannot stand to gain by reason of his acquittal on the burglary charge.

Judgment affirmed.

All concur.