**Melvin Lee CRAWFORD,**
**Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 27935.**

Missouri Court of Appeals,
Kansas City District.

June 27, 1977.

Motion for Rehearing and/or Transfer
Denied Aug. 5, 1977.

Application to Transfer Denied
Sept. 12, 1977.

Richard J. Yocum, Asst. Public Defender, Fifth Judicial Circuit of Missouri, St. Joseph, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

DIXON, Judge.

On March 18, 1975, the court below denied the movant's pro se Rule 27.26 motion to vacate his sentence without evidentiary hearing or appointment of counsel. The movant appeals. The judgment is final. This court has the proper appellate jurisdiction. The judgment is affirmed.

The movant contends the trial court erred: in considering prior convictions after jury agreed on guilt and not on punishment when defendant was not charged under Second Offender Act; in assessing punishment after ruling motion for new trial because it denied defendant opportunity to object; in sentencing defendant when not charged under Second Offender Act; with an abuse of discretion in failing to appoint counsel.

The claims of error are considerably condensed from appointed counsel's brief which in turn has made a valiant, albeit only partially successful, attempt to state recognizable points on the basis of the pro se motion as filed.

The procedural history of the movant's direct criminal appeal and this proceeding are somewhat complex and should be set forth in the interest of clarity.

On April 4, 1973, a jury found the movant guilty of first degree robbery by means of a dangerous and deadly weapon. The jury was unable to assess punishment. The court overruled the movant's motion for a new trial. Thereafter, the court sentenced

the movant to thirty years' imprisonment. At that time, the movant made no objection to the court's assessment of punishment after he had already filed his motion for new trial. During the trial the movant was represented by court-appointed counsel.

On June 5, 1973, the movant filed a notice of appeal from the May 25, 1973 judgment and sentence. He was represented on the direct appeal by counsel of his own choice.

On April 11, 1974, the movant filed this Rule 27.26 motion to vacate the May 25, 1973 judgment and sentence. The movant filed the Rule 27.26 motion pro se. In the motion, he asked that the court appoint counsel for him. The court did not appoint counsel for the movant on the 27.26 motion.

The movant's direct appeal was dismissed on October 10, 1974, by this court because the appellant had failed to properly prosecute the appeal.

On March 18, 1975, the court denied the movant's Rule 27.26 motion to vacate his sentence without holding an evidentiary hearing. On March 20, 1975, after the court had already denied the movant's Rule 27.26 motion, the movant attempted to amend the motion, but the trial court took no action on the amendment.

On October 30, 1975, this court reinstated the movant's direct appeal from the conviction and judgment of May 25, 1973. The court appointed counsel to represent the movant on the reinstated direct appeal, the same counsel had been appointed to represent movant on his appeal of the denial of his motion.

On November 5, 1975, the movant was allowed to file an out of time notice of appeal from the denial by the court below of his Rule 27.26 motion.

On November 14, 1975, this court ordered that the movant's Rule 27.26 appeal be held in abeyance until the court decided the movant's direct appeal which had been reinstated on October 30, 1975.

This court decided the direct appeal on July 6, 1976, affirming the judgment, conviction and sentence of the trial court. *State v. Crawford,* 539 S.W.2d 633 (Mo.App. 1976).

On October 20, 1976, this court reactivated the movant's Rule 27.26 appeal because the judgment on the movant's direct appeal had become final.

■ As best it may be gleaned from the pro se motion and appointed counsel's brief, the first point attacks the trial court's consideration of prior convictions not charged in the information. The argument is that the statute (Section 556.280(2)) *requires* that the trial court hear evidence of prior convictions *prior* to submission to the jury; not having done so in this case, they could not be considered in assessing defendant's punishment. The pro se motion concludes that since the statute was not followed, the movant was denied due process. The point may be resolved on any one of three grounds. First, the point is precluded from review under Rule 27.26 because it is a matter of trial error. Trial errors are for direct appeal and not within the purview of a motion to vacate a judgment and sentence. *Brown v. State,* 512 S.W.2d 404 (Mo. App.1974); *Coney v. State,* 491 S.W.2d 501 (Mo.1973).

■ Second, movant's conclusory contention that his constitutional rights were impaired does not bootstrap the contention to reviewable status. It is true that a trial error which affects a constitutional right may be raised in a 27.26 proceeding even though the point was not raised on direct appeal. *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). *State v. Brownridge,* 506 S.W.2d 466 (Mo.App.1974). However, one may not obtain a post-conviction review of a trial error by making the conclusory allegation that the trial error violated the movant's constitutional rights. *O'Neal v. State,* 486 S.W.2d 206, 208 (Mo. 1972); *Agee v. State,* 512 S.W.2d 401, 402 (Mo.App.1974); *Mayo v. State,* 524 S.W.2d 181, 182 (Mo.App.1975); *Booth v. State,* 491 S.W.2d 286, 288 (Mo.1973).

■ Third, when a defendant is not charged under the Second Offender Act, it is not improper for a trial judge to consider the prior criminal record of a defendant in

assessing punishment against that defendant after the defendant has been found guilty by a jury which is unable to assess punishment. In *State v. Goforth,* 535 S.W.2d 464, 468 (Mo.App.1976), the jury was unable to assess punishment after finding the defendant guilty of second degree murder. The court then discharged the jury and sentenced the defendant to thirty years' imprisonment. The court ruled that the trial court properly considered the prior criminal record of the defendant in assessing punishment. The court said:

> "When the jury was unable to agree upon the punishment that duty devolved upon the court. Rule 27.03. In such circumstances the court should take into consideration not only the nature and circumstances of the offense but also the character and propensities of the offender as well as his past. . . . Among the matters in one's past which the court should consider is the existence of a prior criminal record."

The court may properly consider the prior criminal record of the defendant in assessing punishment if the defendant is not charged under the Second Offender Act and the court is required to impose punishment (a) when the defendant pleads guilty, *State v. Armstrong,* 433 S.W.2d 270, 272 (Mo. 1968); (b) when the jury finds the defendant guilty but is unable to assess punishment, *State v. Oldham,* 546 S.W.2d 766 (Mo. App.1977); (c) when the defendant is convicted by the court. *State v. Jackson,* 476 S.W.2d 540 (Mo.1972).

▪ The defendant's second contention is that he was denied due process of law and equal protection of law because the trial court erred in not imposing the sentence until after the court had overruled the movant's motion for new trial; therefore, the movant was precluded from objecting to the severity of the sentence and denied the opportunity for appellate review of the sentencing. The record shows that the court granted the proper allocution to the movant. In *State v. Goforth, supra,* the defendant contended on direct appeal that the trial court denied him due process of law because it sentenced him on the basis of

undisclosed information. The court ruled that the point was not preserved for review because the defendant never made specific objection to the trial court regarding the point. The court said:

> "Granting allocution affords the defendant an opportunity to raise any infirmities in the sentencing procedure.
>
> "[The] defendant was given the opportunity to raise the issue which he now attempts to raise but did not do so at the first opportune moment."

In the instant case, the movant had the opportunity during allocution, after the court had overruled his motion for new trial, to object to any irregularities or errors by the court in imposing the sentence which it imposed. Objections during allocution to the sentencing procedure by the court or the sentence imposed by the court preserves those alleged errors for appellate review. Therefore, the court did not deny the movant due process or equal protection of law by sentencing the defendant after the court had overruled the movant's motion for new trial.

▪ Movant's third point is that the trial court's giving of an instruction permitting a finding of guilt without fixing of the punishment by the jury in accordance with *State v. Brown,* 443 S.W.2d 805, 810 (Mo. banc 1969), constituted a denial of due process. The argument is that this permits the fixing of punishment on the basis of the facts of prior convictions not pleaded nor proven and violates the statute requiring the jury to fix punishment. *State v. Brown, supra,* specifically approves the procedure adopted by the court in the instant case. MAI–Cr 4.50 codifies the rule of *Brown.* The assessment of punishment by the court after a jury had found found the defendant guilty but was unable to agree upon punishment was also specifically approved in *State v. Jenkins,* 510 S.W.2d 491, 493 (Mo.App.1974) and *State v. Hampton,* 317 S.W.2d 348 (Mo.1958). It is proper for the trial court to assess punishment in cases where the Second Offender Act is not charged and the jury is unable to agree

upon punishment after having found the defendant guilty. The movant's contention that the assessment of punishment by the trial court in the instant case denied him due process of law is without merit. Because the movant's contention that his constitutional rights were affected by the trial court's assessment of punishment is only conclusory, the point is an allegation of trial error which is not properly reviewable under Rule 27.26 as noted above.

The movant's final contention is that the trial court abused its discretion in failing to appoint counsel to assist the movant with his Rule 27.26 motion. The movant contends that counsel would have enabled him to better frame his points in the motion and that because of the lack of counsel the movant must now bear the burden of showing that any ground which he did not include in his original motion which he may now wish to assert on appeal could not have been included in the original motion.

First, the movant has not suffered the prejudice of having to prove that a ground which he now wishes to assert could not have been raised originally in the motion because he has not attempted to assert on this appeal any grounds for relief which were not originally included in the motion. ▉ Further, the trial court did not abuse its discretion in not appointing counsel because, as indicated above, the movant's other points are merely allegations of trial error which are not properly cognizable under Rule 27.26. Under Rule 27.26, the movant does not have an absolute right to counsel. Rule 27.26(h) provides in pertinent part:

"If a motion presents questions of law or issues of fact, the court shall appoint counsel immediately to assist the prisoner if he is an indigent person. . . ."

Although the movant is an indigent person, the trial court did not abuse its discretion in failing to appoint counsel because the movant's points do not present questions of law or issues of fact properly cognizable under Rule 27.26. In *Duisen v. State*, 504 S.W.2d 3, 5 (Mo.1974), the movant urged on appeal that the denial of his Rule 27.26 motion to vacate his sentence be reversed because the trial court erred in failing to appoint counsel for the movant on his Rule 27.26 motion. In ruling the point against the movant, the court said:

"Therefore, when the files and records of a case show as a matter of law that a petitioner is not entitled to relief on the basis of the contentions alleged in his motion, either because they have been adjudicated previously or were known and could have been raised in a prior motion to vacate, or because they are merely trial errors not of a constitutional dimension, the trial court is not called upon to appoint counsel under subsection (h) of the rule."

Counsel argues that the appointment of counsel would permit more orderly and intelligent presentation of issues in proceedings such as this and, therefore, urges reconsideration of the cases cited. This court does not have that authority, although, clearly, the time of this court and of the trial courts would be conserved if pro se motions such as this were reformulated by counsel. Also, as counsel suggests, the duty to present an adversary brief on a movant's allegation which does not state colorable claim is difficult. The writing of an opinion is no easier. So, too, if counsel were appointed, multiple motions might be less frequent. In any event, this case must be decided on the authority binding this court.

Judgment affirmed.

All concur.