STATE of Missouri,
Plaintiff-Respondent,

v.

Victor HILL, Defendant-Appellant.

No. 38940.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 21, 1978.

Crouppen, Walther, Zwibelman & Walsh, P. C., Roy A. Walther, III, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant appeals from a judgment of conviction for the possession of heroin and a sentence of eight (8) years imprisonment, § 195.200, RSMo 1969. For reversal appellant argues that the court erred in denying his motion to suppress because the heroin was seized as a result of an arbitrary pedestrian check. We affirm.

At the pretrial hearing on the motion to suppress evidence, the court rejected appellant's version of the events leading up to the discovery of the heroin and accepted the state's version. Where there is conflicting testimony, it is the prerogative of the court to accept that version of the testimony that appears to be the most credible. *State v. Anderson*, 384 S.W.2d 591, 604 (Mo. banc 1964). Here the court chose to believe that during a pedestrian check, i. e., where the officers are stopping citizens upon the street, getting their names and addresses, and then checking to determine if they are wanted for any law violations, without a search, appellant threw down a newspaper. In the discarded newspaper picked up by the officer was found the heroin in question.

In *State v. Hall*, 534 S.W.2d 508, 510 (Mo.App.1976), we said:

". . . 'Where the articles sought to be suppressed were in plain sight of the arresting officer, were dropped or thrown away by the person arrested, and were picked up by the officers, the articles are admissible in evidence over an objection that they were seized as the result of an unlawful search.'" See also *State v. Jackson*, 476 S.W.2d 540, 542 (Mo.1972) where defendant dropped or attempted to dispose of a bottle containing heroin; and also *State v. Berry*, 450 S.W.2d 212, 213 (Mo.1970) where defendant discarded a bottle of capsules into a vacant lot.

Here appellant discarded the newspaper containing the contraband and was arrested after the officer discovered the capsules; hence there was neither a search nor an unlawful seizure. *State v. Rankin*, 477 S.W.2d 72, 75 (Mo.1972).

Accordingly, judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.