**STATE of Missouri, Respondent,**

v.

**David E. DOWELL, Appellant.**

**No. WD 35015.**

Missouri Court of Appeals,
Western District.

June 26, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1984.
Application to Transfer Denied
Oct. 9, 1984.

Roy W. Brown, Bruce B. Brown, Kansas City, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and BERREY, JJ.

LOWENSTEIN, Presiding Judge.

The defendant Dowell appeals his jury conviction for felony possession of more than five grams of hashish and felony possession of psilocyn, both controlled substances. Section 195.020 RSMo.1978. He received a sentence of two years on the first conviction and five years on the latter.

The facts will be set forth as relevant to each of his three points.

Dowell first claims error in the trial court's failure to sustain his motion to suppress certain evidence allegedly seized in violation of the Fourth Amendment to the United States Constitution and Article I Section 15 of the Missouri Constitution. The evidence produced by the state at the suppression hearing to justify the warrantless search of the appellant's vehicle indicated the following. While on routine traffic patrol on Interstate 35 in Clinton County, Missouri, Officer Liebig of the Missouri Highway Patrol stopped a northbound red pickup truck, indicated by his radar unit to be speeding. As the truck rolled to a stop, the officer noticed movements by the driver towards the right side of the passenger compartment, in what appeared to be an attempt to cover up an article on the right side of the truck's cab.

Upon request the driver, appellant Dowell, stepped out of the truck and produced his driver's license, which indicated his age of 19 years. The officer placed him under arrest for the speeding violation, and noticed a moderate odor of alcohol on Dowell and several empty beer cans, beer bottles in the back of the truck. He then placed Dowell under arrest for the investigation of possession of intoxicants by a minor, and proceeded around the passenger side of the vehicle to investigate a cooler which he could see sitting on a table between the seat and the firewall on the floor of the vehicle, partially covered with an army style sleeping bag. As the officer walked around to the passenger side of the truck, Dowell followed him and began crying, saying he did not want to go to jail and to "Please throw it away," he would never do it again. The officer opened the door, moved the sleeping bag off the cooler, and lifted the lid from the cooler. Through the ice in the cooler he saw a red container which appeared to him to be a beer can. He also saw a paper sack sitting on top of the ice. As he "pushed the sack up the bottom of it fell out," revealing plastic sacks containing what the officer thought was a controlled substance. Dowell was again placed under arrest and this time handcuffed. Liebig reached for what he thought was the beer can through the ice, but discovered it was a coffee can. He looked inside this coffee can and found another sack which also contained what appeared to be a controlled substance. He then looked through a cardboard box to the right of the cooler and found a set of scales and a brown substance also appearing to be drugs.

At trial Dowell testified that a hitch-hiker he had recently picked up put the sack in Dowell's cooler and the other containers which contained the substances, also unknown to him, belonged to the hitch-hiker. Dowell said he let the hitch-hiker off at a rest stop but continued on and he was going to dump out these containers but was first stopped by the trooper. Appellant moved to suppress evidence of the cooler and its contents, the scales, and the contents of the cardboard box. The state at the suppression hearing sought to justify the search as supported by probable cause that the vehicle contained intoxicating beverages. Their brief provides an additional justification for the search as one incident to a lawful arrest.

Dowell does not question the officer's actions in stopping him for the speeding violation. His brief also acknowledges five observations by the officer upon which probable cause could rest that Dowell, a minor, had in his possession intoxicating beverages. See §§ 311.325 and 312.407 RSMo 1978. These observations include 1) the moderate odor of alcohol on Dowell's breath; 2) Dowell's underage status as indicated by his driver's license; 3) the presence of empty beer cans in the back of his truck; 4) Dowell's movements towards the passenger side of the truck after having been stopped for speeding; and 5) a cooler partially covered with a sleeping blanket. None of these observations required any more than the officer's use of his own sense of sight and smell. Cf. State v. Fingers, 585 S.W.2d 203, 206 (Mo.App. 1979) (discussing "plain view" doctrine).

If the officer had probable cause to believe that Dowell had in his possession

intoxicating beverages, a warrantless search of his truck could follow based upon the "automobile exception" to the warrant requirement. *Carroll v. United States,* 267 U.S. 132, 153, 45 S.Ct. 280, 285, 69 L.Ed. 543 (1925). This exception recognizes that any delay caused by the necessity to secure a warrant to search an automobile would likely result in the object of the search being placed beyond the warrant's reach. Warrantless searches of vehicles are not unreasonable and violative of the Fourth Amendment if based upon the same objective facts that would justify the issuance of a warrant if one were required and obtained from a magistrate. *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1983). "[A]n individual's expectation of privacy in a vehicle and its contents may not survive if probable cause is given to believe that the vehicle is transporting contraband." *Ross,* 456 U.S. at 823, 102 S.Ct. at 2171.

The five observations by the officer acknowledged by Dowell in his brief well satisfy the standards required for the existence of probable cause, which include only the probability, and not a prime facie showing, of criminal activity. *See United States v. Taylor,* 599 F.2d 832, 837 (8th Cir.1979). Contrary to Dowell's assertions, the officer's information was reliable and trustworthy under Fourth Amendment standards since based upon his own firsthand observations. These observations raised more than a "mere suspicion" that Dowell had in his possession intoxicating beverages.

In *United States v. Ross, supra,* the Supreme Court addressed an unresolved question concerning the scope of the automobile exception recognized by *Carroll.* In *Ross,* the police conducted a warrantless search of the defendant's car, including a closed brown paper bag, after receiving a tip from an informant that narcotics were being sold from the trunk of the defendant's car. The Court held that the scope of a lawful warrantless search under the automobile exception encompasses as extensive a search as could be authorized under a warrant "particularly describing

the place to be searched." *Ross,* 456 U.S. at 800, 102 S.Ct. at 2159 (quoting U.S. Const. 4th Amend.) The scope of the warrantless search of a vehicle "is defined by the object of the search and the places in which there is probable cause to believe that it may be found," rather than the nature of the container where the object is hidden. *Ross,* 456 U.S. at 824, 102 S.Ct. at 2172.

Appellant attempts to impress upon the facts of this case the decisions of *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) (holding as unreasonable a warrantless search of a 200 pound footlocker being loaded onto a train) and *Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979) (holding as unreasonable a warrantless search of a suitcase carried by defendant at an airport and placed into the trunk of a taxi). These decisions both refused to extend the *Carroll* rationale justifying the warrantless search of vehicles to any moveable containers believed to be carrying an illicit substance. *Ross,* 456 U.S. at 809, 102 S.Ct. at 2164. "[I]n neither *Chadwick* nor *Sanders* did the police have probable cause to search the vehicle or anything within it except the footlocker in the former case and the green suitcase in the latter." *Ross,* 456 U.S. at 814, 102 S.Ct. at 2167.

In *Arkansas v. Sanders,* the defendant had placed the suitcase believed to be carrying marijuana into the trunk of a taxi, where "no danger existed that its contents could have been secreted elsewhere in the vehicle." *Ross,* 456 U.S. at 813, 102 S.Ct. at 2166. In *Sanders,* "[t]he relationship between the automobile and the contraband was purely coincidental ...." *Ross,* 456 U.S. at 813, 102 S.Ct. at 2166 (quoting *Arkansas v. Sanders,* 442 U.S. at 766–767, 99 S.Ct. at 2594–2595 (Burger, J., concurring). In contrast, in *State v. Borotz,* 654 S.W.2d 111 (Mo.App.1983), the defendant, reasonably believed by police to be carrying contraband either on his person or in the attache case he carried, placed the attache case into the passenger compartment of an automobile. This court applied the principles of *Ross* rather than *Sanders,* holding probable cause supported the

search of the entire passenger compartment, including the attache case. 654 S.W.2d at 116–117.

Like *State v. Borotz*, the principles of *Ross* rather than *Sanders* control the present case. None of Officer Liebig's observations related to occurrences outside the area of the truck. This distinguishes *Arkansas v. Sanders*, where the probable cause to search the defendant's suitcase existed prior to and independent of its placement into the trunk of the taxicab. As in *Borotz*, in this case more than a merely "coincidental" relationship existed between the truck and the officer's search for intoxicating beverages. Probable cause supported the officer's search of the entire truck rather than, as urged by the appellant, merely the cooler. The scope of the search as defined by *Ross* included any object that might contain liquor, or as broad and thorough as a magistrate could have authorized under a warrant. Applying the *Ross* standard, the cooler, the coffee can, and the cardboard box all were legitimate places to search for liquor.

The fact that drugs, not alcohol, were found in the warrantless search of the appellant's truck is a point that the *Ross* decision did not need to address. Applying the logic of *Ross*, however, the seizure of the drugs should be upheld in the same manner as a seizure during the execution of a valid search warrant by an officer who inadvertently and in good faith comes across evidence not particularly described in the warrant but which demonstrates that another crime has been committed. *See United States v. Wright*, 641 F.2d 602 (8th Cir.1981), *cert. denied*, 451 U.S. 1021, 101 S.Ct. 3014, 69 L.Ed.2d 394 (1981) and *United States v. Carwell*, 491 F.2d 1334 (8th Cir.1974), *cert. denied*, 417 U.S. 949, 94 S.Ct. 3076, 41 L.Ed.2d 669 (1974), both upholding the inadvertent seizure of guns during the execution of search warrants describing other items, where the defendants were known convicted felons, and the guns constituted evidence of possession of firearms by convicted felons.

■ The seizure of the hashish, psilocyn, cooler, and scales can also be upheld upon the alternate ground presented in the respondent's brief that the search of the truck was incident to Dowell's lawful arrest for possession of intoxicating beverages by a minor. *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *State v. Harvey*, 648 S.W.2d 87 (Mo. banc 1983). Dowell does not question the validity of his arrest for this charge. The search incident to a valid custodial arrest could properly include examining the contents of any containers found within the passenger compartment of the appellant's truck. *Belton, supra* 453 U.S. at 460, 101 S.Ct. at 2864; *Harvey, supra* at 89. Appellant's first point is denied.

■ In his second point the appellant says the trial court erred by failing to sustain his motion to acquit at the close of all the evidence because of an insufficiency of evidence upon which the jury could find him to knowingly possess the controlled substances. Appellate review is based upon the facts in evidence and all favorable inferences reasonably drawn and considered in a light most favorable to the state. Where circumstantial evidence is involved the facts and circumstances must be consistent with each other and with the defendant's guilt, and inconsistent with innocence or a reasonable hypothesis thereof, but the mere existence of other hypotheses is not enough to remove the case from the jury. *State v. Franco*, 544 S.W.2d 533, 535 (Mo. banc 1976).

Under § 195.020 the state had to prove the appellant was aware of the presence and character of the particular substances and was intentionally and consciously in possession of them. *State v. Barber*, 635 S.W.2d 342, 343 (Mo.1982). *State v. Wiley*, 522 S.W.2d 281, 292 (Mo. banc 1975) held that a person in exclusive control of the premises will be deemed to have possession and control of the substances, but where the accused has no exclusive use or possession, additional factors are required. "Where the defendant is present on the premises and if there are additional independent factors showing his knowledge and control, then that is sufficient to withstand a motion for directed verdict." *Wiley, supra*, at 292.

■ In this case the vehicle was under the exclusive control of the appellant. He made attempts to cover his cooler and the cardboard box, and just prior to the search of the cooler cried and said "please don't, I don't want to go to jail." These factors, though circumstantial, were sufficient incriminating circumstances to make a submissible jury issue of the appellant's knowledge and control. *State v. Wiley, supra,* 292–293; *State v. West,* 559 S.W.2d 282, 285 (Mo.App.1977). *See State v. Funk,* 490 S.W.2d 354, 360–362 (Mo.App.1973).

■ Contained in this point the appellant Dowell makes several references to the transcript of the closing argument. Without citation of authority, he contends the prosecutor was impermissably personalizing his beliefs. This contention is not well taken. The prosecutor at one point after recounting the appellant's argument of there being a hitch-hiker who left the contraband in the vehicle, said, "I don't believe that." The appellant's objection was sustained, the jury directed to disregard the statement, and a mistrial denied. It cannot be said as a matter of law the remedial action taken by the trial court was not sufficient. *State v. Borotz, supra,* at 114.

Neither preserved nor with any merit the appellant adds as the last sentence on this point concerning the sufficiency of the evidence that the prosecutor "indirectly" commented on the appellant's post-arrest silence.

In his third point, Dowell attacks a) the selection of additional jurors over the phone by the deputy sheriff as not being in compliance with § 494.250.2 RSMo 1978 and b) the handpicking of all the "bystander jurors" all of whom knew the deputy, and were "prosecution-oriented."

At the court's request for additional jurors for the panel, a deputy telephoned sixteen persons. Dowell contends this method was not in compliance with the statutory language of summoning petit jurors "from the bystanders."

■ The utilization of the telephone by the deputy was not a forbidden method under the statute. In *State v. Boone,* 289 S.W. 575, 578 (Mo.1926) the court held with regard to a predecessor to § 494.250

It appears that the court ordered the sheriff to get nine extra jurors. He summoned two of them from the bystanders and others from persons easily available, and called two of the extra jurymen by telephone. This procedure is fully authorized by said section 6617.

In any event, the test is whether there has been substantial compliance with the statute. *State v. McGill,* 510 S.W.2d 782, 783 (Mo.App.1974). The statutory method of summoning additional jurors is directory unless the defendant shows he has been prejudiced by failure to follow the statute. *State v. Pettis,* 522 S.W.2d 12, 15 (Mo.App. 1975). Appellant's contention denominated here as a) the exclusive use of the phone to pick the talesman will be denied, without a showing of prejudice which is next discussed in b) the handpicking of acquaintances of the sheriff to complete the panel prejudicially resulted in "prosecution oriented jurors."

The appellant relies on *Henson v. Wyrick,* 634 F.2d 1080 (8th Cir.1980), *cert. denied* 450 U.S. 958, 101 S.Ct. 1417, 67 L.Ed.2d 383 (1981). Neither *Henson,* nor *Anderson v. Frey,* 715 F.2d 1304 (8th Cir. 1983), *cert. denied,* — U.S. ——, 104 S.Ct. 739, 79 L.Ed.2d 198 (1983), apply here in the appellant's favor. In *Henson, supra,* the issue was whether a sheriff, whose deputy investigated and arrested the defendant, handpicked acquaintances as petit jurors, amounted to a due process violation. *Id.* at 1081–1082. The court noted *State v. Holt,* 592 S.W.2d 759, 767–68 (Mo. banc 1980) for the necessity of an affirmative showing of prejudice by the defendant. *Holt* involved a trial in a county other than that of the arrest. Our Supreme Court noted in *Holt,* "there was no question of the sheriff acting out of loyalty to deputies or on the basis of special knowledge of the facts of the case." 592 S.W.2d at 768. The Eighth Circuit denied Holt's habeas corpus relief in *Holt v. Wyrick,* 649 F.2d 543 (8th Cir.1981), *cert. denied,* 454 U.S. 1143, 102 S.Ct. 1002, 71 L.Ed.2d 295 (1982).

*See State v. Sloan,* 666 S.W.2d 787 (Mo. App.1984).

*Henson* basically held where the deputy did the work and testified in the cause, and the sheriff was his supervisor there was "great potential" for the sheriff to pick jurors sympathetic to the prosecution. 643 F.2d at 1084. In *Anderson v. Frey, supra* the sheriff's subordinates investigated the case and selected the jurors under the sheriff's guidelines. *See State v. Sloan, supra* at 791.

In this case the sheriff had no professional involvement in the case. The arrest and investigation was conducted by the highway patrol. *See State v. Alexander,* 620 S.W.2d 380, 385 (Mo. banc 1981). The mere acquaintance with the jurors by the sheriff does not render them ineligible to participate. *State v. Sloan, supra.* The appellant having made no showing of prejudice, this point is denied.

The judgment is affirmed.

All concur.