**STATE of Missouri, Respondent,**

v.

**Wonel Keith BROWN, Appellant.**

**No. 53865.**

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 22, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 20, 1988.

William L. Webster, Atty. Gen., Jared
Richard Cone, Asst. Atty. Gen., Jefferson
City, for respondent.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for appellant.

SIMON, Judge.

Appellant, Wonel Brown, was convicted by a jury of illegal possession of Phencyclidine (PCP), a Schedule II controlled substance, in violation of § 195.020, RSMo (1986). The trial court found that the appellant was a prior offender under § 558.016 RSMo (1986), and sentenced the appellant to two (2) years in the Missouri Department of Corrections and Human Resources.

On appeal, appellant contends the trial court erred: (1) in overruling appellant's motion to suppress evidence of the PCP which appellant contends was seized in an illegal search and seizure; (2) in denying appellant's request for a continuance to enable appellant's counsel to testify that a state witness', Officer Ackerman, testimony at the preliminary hearing differed from his testimony at the motion to suppress hearing conducted prior to trial; and (3) the trial court committed plain error by failing to declare a mistrial when the trial judge instructed the jury to "continue to deliberate" after the jury advised the court that the jury was deadlocked at 11 guilty to 1 not guilty and could not reach a verdict. We affirm.

The evidence, in a light favorable to the verdict, elicited at trial is as follows: On December 11, 1986, two uniformed police officers, Officer Ackerman and Officer Scheetz, were on duty with the mobile reserve unit. The mobile reserve unit was formed to supplement the police districts when the districts are overloaded with calls. The mobile reserve unit also handles street crimes such as drug and firearm violations and other crimes that can be observed from the street. Officer Scheetz, a police officer for eight years, and Officer Ackerman, a police officer for eighteen years, were assigned to patrol in the vicinity of Granville and Ridge in the City of St. Louis. Officer Scheetz testified that the police had arrested several people in that area for drug possession.

Officer Scheetz, the driver of the police vehicle, called attention to three men standing in front of a vacant house on the east side of the intersection. At that time one of the men, later identified as Carlton Blantan, threw a bottle against the porch of the vacant house. Officer Scheetz immediately turned the corner and stopped the car in a traffic lane headed the wrong way on a one-way street. Officer Scheetz stepped out of the vehicle and went to where Blantan was standing. Officer Scheetz, accompanied by Blantan, walked to the vacant house to investigate the broken bottle. Officer Scheetz testified that he smelled ether and saw broken glass and a small black cap which had apparently been on the bottle.

While Officer Scheetz was investigating the broken bottle, Officer Ackerman stepped out of the vehicle and yelled to the two other men to halt. The two men stopped on the sidewalk. One of the men, the appellant, Wonel Brown, approached Officer Ackerman. Officer Ackerman asked the appellant for some identification. As appellant was reaching into his jacket to get the identification, a bottle fell from either the appellant's coat or his hand. The bottle hit the pavement, but did not break. Officer Ackerman testified that the bottle was a small glass bottle with a black cap which appeared to be a bottle used to contain potent drugs. The bottle contained an amber liquid which later proved to be PCP.

At that point, Officer Ackerman placed appellant under arrest and conducted a pat-down search of the appellant. Officer Scheetz patted down Carlton Blanton and the third man identified as Thornton.

In open court out of the presence of the jury, the court heard the motion to suppress evidence. After Officer Ackerman testified regarding the events of December 11, 1986, the judge overruled the motion to suppress.

Counsel for the appellant then moved for a continuance. Counsel stated that Officer Ackerman's testimony at the hearing on the motion to suppress contradicted the testimony that the officer had given at the preliminary hearing and she believed that she may have to call herself as a witness to

impeach Officer Ackerman's testimony. The court asked counsel to specifically identify the testimony which Officer Ackerman gave at the preliminary hearing that contradicted testimony given at the motion to suppress. Counsel stated that Officer Ackerman had testified that after Blantan threw the bottle, the police detained all three men and required them to place their hands on top of the police vehicle. Officer Ackerman then patted down the first man and found nothing. While he was patting down the second man, the third man, Brown, dropped a bottle. At the preliminary hearing, defendant's counsel orally moved to suppress the evidence. The motion was denied.

The judge denied the motion for continuance, stating:

THE COURT: Was a motion to suppress the evidence made at the preliminary hearing either in writing or orally?

MS. BORESI: It was orally made, Your Honor.

THE COURT: And based upon the same law that was given this Court?

MS. BORESI: No, your Honor. I did not have that law in my possession at the time.

THE COURT: Well, from what you have indicated on the record, that if the evidence was adduced at the preliminary hearing as you have stated on the record, I am sure that the judge would have immediately recognized that that was in fact an illegal search and would have dismissed the case or at the very least on the Court's own motion suppressed the evidence based upon what you have stated in the record. Therefore, your motion for a continuance is overruled and denied.

In his first point on appeal, appellant contends that the trial court erred in overruling his motion to suppress evidence of the PCP. Appellant contends that the officers did not have probable cause to detain appellant, and therefore, the seizure of the PCP was unlawful. Appellant contends that even if the officers had probable cause to detain Blantan, the man who threw the bottle, the police did not have probable cause to detain appellant.

The Fourth Amendment of the Constitution forbids unreasonable searches and seizures. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 1872, 20 L.Ed.2d 889[2–5] (1968). Although not all personal intercourse between policemen and private citizens amounts to a seizure, when a policeman by means of authority or show of force restrains a citizen, that behavior constitutes a seizure. *Id.*, 18 S.Ct. at 1877. Therefore, an investigatory stop by a police officer must be reasonable in light of the surrounding circumstances. An officer must be able to articulate specific facts which reasonably warrant the intrusion. *Id.* at 1880.

Appellate review of rulings on motions to suppress evidence is based upon the whole record and the totality of the circumstance, and we will affirm if the ruling is supported by substantial evidence. *State v. Trimble*, 654 S.W.2d 245, 254[12, 13] (Mo.App.1983). The weight of the evidence and the credibility of the witnesses is for the trial court's determination. *Id.* at 254[12, 13]. Thus, on appeal we may look at the entire record, including appellant's counsel's statement at the hearing on the motion to suppress regarding the alleged discrepancy in Officer Ackerman's testimony at the preliminary hearing.

Several Missouri cases have held that when police officers have a reasonable suspicion that criminal activity has occurred or is about to occur, they may stop a suspected person to request identification and make reasonable inquiries regarding his activities. *State v. Adell*, 716 S.W.2d 469, 471[2–4] (Mo.App.1986). The standard is whether the facts and circumstances known to the officer at the time of the stop warrant a person of reasonable caution in believing the action to be appropriate. *State v. Fain*, 679 S.W.2d 419, 422–23[1] (Mo.App.1984).

In *State v. Purnell*, 621 S.W.2d 277, 284 (Mo.1981), police officers patrolling a high crime area at 2:00 a.m. noticed a man, Purnell, walking in the area peering into the windows of the closed shops. The offi-

cers, noting that the man had no car and had no apparent reason for being in the area, stopped the man and requested identification. The officers then observed that Purnell matched a composite drawing of a man who had raped a woman several days earlier. *Id.* at 284.

Purnell argued that there was no probable cause for the investigatory stop. The court disagreed, holding that the police had "reasonable suspicion" to stop the man because he was on foot in a high-crime area at 2:00 a.m. The police were aware of specific facts and circumstances which led them to believe that criminal activity was likely to occur. *Id.* at 285[13]. In addition, "the governmental interest in effective crime prevention and detention 'underlies the recognition that a police officer may in appropriate circumstances and in an appropriate manner approach a person for purpose of investigating possible criminal behavior even though there is no probable cause to make an arrest." *Id.* at 285[11,-12], citing *Terry v. Ohio,* 88 S.Ct. at 1880.

■ Here, two experienced officers patrolling a high-crime area where several arrests for drug possession had recently been made, noticed three men standing in front of a vacant building. When the police officers turned the corner, one man threw a bottle against the porch of the vacant building. The police had a "reasonable suspicion" that a criminal activity had taken place or was likely to take place. Thus, the investigatory stop did not violate appellant's Fourth Amendment rights.

■ Further, Officer Ackerman testified that the appellant dropped the bottle of PCP as he was reaching for some identification. Warrantless searches are lawful where the officer sees the suspect drop or discard evidence if the officer then simply retrieves it. *State v. Hall,* 534 S.W.2d 508, 510[5–6] (Mo.App.1976).

In *Hall,* the court stated that the rule is: "Where the articles sought to be suppressed were in plain sight of the arresting officer, were dropped or thrown away by the person arrested, and were picked up by the officers, the articles are admissible in evidence over an objection that they were seized as the result of an unlawful search." *Id.* at 510[6].

Here, the bottle fell to the pavement while the officer was making a lawful investigatory stop. Therefore, the evidence of the contents (PCP) of the bottle was properly admitted.

■ Appellant next contends that the court erred in denying his motion for continuance to allow his counsel to testify that Officer Ackerman's testimony at a preliminary hearing differed from the officer's testimony at the hearing on the motion to suppress evidence. The trial court has broad discretion to grant or deny a motion for continuance. *State v. Hurt,* 668 S.W. 2d 206, 214[16] (Mo.App.1984). A trial court's decision to deny a continuance will not be reversed on appeal unless the decision was a clear abuse of discretion. *State v. Ramsey,* 710 S.W.2d 459, 461[1] (Mo. App.1986).

■ Further, Rule 24.09 requires that the motion for continuance be made in writing, accompanied by an affidavit of the applicant or another credible person stating the facts upon which the application is based. *Id.* at 461[1]. Appellant's motion for a continuance was made orally. Therefore, the motion does not comply with the requirement of Rule 24.09.

■ Even if appellant's motion did comply with Rule 24.09, the trial court properly denied the motion. Counsel for appellant moved for a continuance so that she could testify that Officer Ackerman's testimony at the hearing on the motion to suppress differed from his testimony at the preliminary hearing. Counsel's testimony would thus be used to impeach Officer Ackerman's testimony. Evidence which may be used simply to impeach a witness is not sufficient ground for the granting of a continuance to secure a witness. *State v. Mercer,* 600 S.W.2d 45, 47[2] (Mo.App. 1980). Where testimony of an absent witness would not bear directly on the guilt or innocence of a defendant, but would simply impeach the testimony of another witness, it is not error to deny a continuance. *State*

*v. Edwards*, 657 S.W.2d 343, 345[1] (Mo. App.1983). Therefore, appellant's point is without merit.

Finally, the appellant contends that the trial court erred in not declaring a mistrial when the judge instructed the jury to "continue to deliberate" after learning that the jury was deadlocked with eleven jurors voting for a guilty verdict and one juror voting not guilty. According to the trial transcript, the jury retired to consider its verdict at approximately 3:12 p.m. At approximately 4:50 p.m., the jury sent a note to the trial judge. In chambers, on the record, the judge read the note; it said, "G 11 to 1 not guilty. Cannot reach verdict. 287 Danny Mitchell." The assistant circuit attorney said, "Well judge, what about a hammer here? What do you think?" The court replied, "Continue to deliberate." There is nothing in the trial transcript that indicates the trial court responded to the jury, either orally or in writing. The next entry in the transcript reflects that the jury returned its verdict in open court at 9:42 p.m.

In addition to the above note, the supplemental legal file contains photocopies of what purports to be four other notes from the jury. Each one contains the same information. "11 Guilty 1 Not Guilty 287 Danny L. Mitchell." On one of these notes is written "continue to deliberate Jack L. Koehr 5:50." Unlike the first note, there is nothing in the trial transcript that these notes were received by the trial court, or if received, when. Further, the trial transcript does not indicate that a response was given to the jury on any of these notes.

We also observe that there is nothing in the trial transcript or legal file that indicates defense counsel asked the trial court to give, or objected to giving or not giving, any response. Thus, the record reveals only that the jury was 11 guilty to 1 not guilty, and that approximately five hours later, the jury returned a guilty verdict.

The decision whether to read MAI–CR3d 312.10 (so called "hammer" instruction) to the jury is within the discretion of the trial court. *State v. Anderson*, 698 S.W.2d 849, 853[8] (Mo. banc 1985). To show that the trial court abused this discretion, the appellant must show that, based on what was said and done at trial, the jury's verdict was coerced. *Id.* Thus, in accordance with the record, we find no abuse of discretion.

Judgment affirmed.

DOWD, P.J., and SIMEONE, Senior Judge, concur.