**STATE of Missouri, Respondent,**

v.

**James M. BROWN, Appellant.**

**No. WD 41627.**

Missouri Court of Appeals, Western District.

Dec. 12, 1989.

Cecil D. Williams, Kansas City, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and KENNEDY and GAITAN, JJ.

LOWENSTEIN, Presiding Judge.

This is an appeal from a bench trial on stipulated facts which resulted in a conviction and two year sentence, as a prior offender, for the class D felony of carrying a concealed weapon, § 571.030.1(1), RSMo 1986. The sole point concerns denial of a motion to suppress evidence and a post-arrest statement.

Kansas City police responded to an emergency call at 1:30 a.m. from a housing complex. Upon arriving, an officer saw the defendant run from behind a building the other way from the police, carrying a box which he was trying to conceal. The officer chased the defendant for about ¼ of a mile and told him to stop. As the officer gained on the defendant, Brown threw away the box in which was later found a fully loaded highway patrolman's 357 revolver. After being arrested, the box was opened. Brown was read his rights pertaining to self incrimination, then voluntarily gave a statement which he then refused to sign.

The thrust of the appeal seems to be a lack of probable cause for the arrest, thus negating any justifiable reason for opening the box. The defendant's reliance on *State v. Berry*, 609 S.W.2d 948 (Mo. banc 1980), is misplaced. Just because the

defendant in *Berry* was in a no trespassing area and fit the description of a wanted person does not take away from the facts here: an emergency call at 1:30 in the morning, the officer seeing the defendant run out from behind the building the subject of the call, the defendant running the other way concealing a box and refusing to heed the call of the officer. These facts gave reasonable suspicion to the officer to warrant the stop and the subsequent arrest. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Fernandez*, 691 S.W.2d 267, 269 (Mo. banc 1985); *State v. Cross*, 757 S.W.2d 613, 614 (Mo.App.1988).

A warrantless search was also lawful where the officer saw the suspect discard the evidence and the officer simply retrieves that evidence. *State v. Brown*, 762 S.W.2d 471, 475 (Mo.App.1988); *State v. Berry, supra,* at 952.

The defendant also looks to *Michigan v. Chesternut*, 486 U.S. 567, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988). *Chesternut,* though, involved a different set of facts and does not help the defendant as the police there followed a suspicious person for a long period and did not command him to halt nor did they act in an "aggressive manner" to block escape. *Id.* 108 S.Ct. at 1980. The police action here was reasonable, and under the standard of review of a motion to suppress, *State v. Trimble*, 654 S.W.2d 245, 254 (Mo.App.1983), proper.

The judgment of the trial court is affirmed.