**STATE of Missouri, Respondent,**

v.

**Gerald RICHARDSON, Appellant.**

**No. WD 43558.**

Missouri Court of Appeals,
Western District.

April 16, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 28, 1991.

Application to Transfer Denied
July 23, 1991.

Before NUGENT, C.J., ULRICH, J., and WASSERSTROM, Senior Judge.

NUGENT, Chief Judge.

Defendant Gerald Richardson appeals from the judgment of the circuit court imposing sentences on his conviction in a court-tried case of possession of cocaine and possession of more than thirty-five grams of marijuana. We affirm the judgment of the circuit court.

In his only point on appeal, the defendant contends that the trial court committed reversible error in denying his motion to suppress the marijuana and cocaine seized from his van. He argues that the contraband substances came from a police search rendered illegal by the lack of a valid search warrant and by the lack of any probable cause supporting his arrest.

Viewed most favorably to trial court's denial of defendant's motion to suppress, and disregarding all evidence and reasonable inferences from it, *State v. Blair*, 691 S.W.2d 259, 260 (Mo.1985),[1] *cert. dismissed*, 480 U.S. 698, 107 S.Ct. 1596, 94 L.Ed.2d 678 (1987), the record reveals the following facts:

Sometime before the defendant's November 18, 1988, arrest, a confidential source informed the Vernon County Sheriff's Department that the defendant would deliver drugs to the area of Nevada, the county seat, and would stay in a specific room at a local motel, the Cozy Court. The sheriff found the room registered to Deanna Harris. About a week before the arrest, the sheriff noticed Mr. Richardson and his van in Nevada.

On November 18, the sheriff and his chief deputy saw the defendant leave the room and enter his van, parked in front of the motel room. The room's door stood open and the officers entered, planning to arrest Ms. Harris on an outstanding traffic warrant. They immediately noticed the "fairly strong" odor of marijuana, possibly recently smoked, found Ms. Harris in the room, and asked her for identification. She handed them a birth certificate that she

Ty Gaither, Joplin, for appellant.

William Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

**1.** Since October 28, 1982, the Missouri Supreme Court has decided all cases sitting en banc.

took from her purse. The sheriff examined the purse, ostensibly for weapons, and found a pouch of a green leafy substance. As he placed Ms. Harris under arrest for a twenty-hour investigation, ostensibly under § 544.170,[2] the defendant then entered the room.

The defendant denied the sheriff's request to search his van and the officers then detained him for a twenty-hour investigation.[3] Before leaving with the officers, Mr. Richardson placed a rifle in his van. After the defendant's departure, the sheriff called the Nevada police department for assistance, then searched Ms. Harris' purse, removing a pill bottle that contained a white powder. After the police officers arrived, he searched the van, entering through an unlocked door. Inside, the sheriff noticed a seat partially raised and discovered beneath it a bag of a green leafy substance. He impounded the van, obtained a search warrant, and, in a second search, found a packet of white powder hidden beneath the vehicle's sink. Laboratory tests identified the leafy substances as marijuana, the white powder as cocaine. The state charged the defendant by information with violation of § 195.211.2, distribution and delivery of cocaine; § 195.202.2, possession of cocaine; and § 195.202.2, possession of more than thirty-five grams of marijuana.

At a preliminary hearing, the associate circuit court denied defendant Richardson's motion to suppress the contraband seized from his van, as well as the substances seized from Ms. Harris' purse. The sheriff testified that upon smelling marijuana smoke as he entered Ms. Harris' motel room he had probable cause to believe a crime had occurred, but added that he "had no idea" who had committed the crime. Although he admitted to knowing that in the motel room only Ms. Harris possessed marijuana, he added that he had no reason to believe that the defendant did not possess marijuana. He further testified that, under department policy, he wanted to inspect the van to ensure that nothing of value, such as the rifle, might disappear in the defendant's absence. After the discovery of the marijuana inside the van, the sheriff continued, he had to impound the van, again under department policy, to search for more evidence.

After obtaining a change of venue to Bates County, the defendant went on trial to the court. The state dropped the cocaine distribution charge and the parties stipulated to the evidence. The circuit court denied Mr. Richardson's renewed motion to suppress all evidence seized from his van and from Ms. Harris and found him guilty on both counts.

■ Where, as here, a party made the same motion to suppress evidence at a pretrial hearing as at trial, the appellate court examining the trial court's ruling reviews the transcript of the suppression hearing, not the trial transcript, *State v. Hummel,* 652 S.W.2d 749, 750 (Mo.App.1983), because the motion involves admissibility of evidence, an issue collateral to the accused's guilt or innocence. *State v. Donohoe,* 770 S.W.2d 252, 256 (Mo.App.1989).

The appellate court must defer to the motion court's superior opportunity to determine the credibility of witnesses and the weight of the evidence, *State v. Beck,* 687 S.W.2d 155, 157–58 (Mo.1985), *cert. denied,* 476 U.S. 1140, 106 S.Ct. 2245, 90 L.Ed.2d 692 (1986), and must affirm the ruling if it rests on substantial evidence. *Donohoe, supra; State v. Brown,* 762 S.W.2d 471, 474 (Mo.App.1988). The appellate court reviews the whole record and the totality of the circumstances, *Brown, supra,* in a light favorable to the motion court's ruling, disregarding all contrary evidence and infer-

---

**2.** All sectional citations refer to Missouri Revised Statutes, 1986.

**3.** At the preliminary hearing, the sheriff testified that he had taken both Ms. Harris and Mr. Richardson into custody for a "twenty-hour investigation." § 544.170 mandates the release of any detainee within twenty hours if the state has not yet charged that person. The sheriff's actions, as we show below, constituted arrests, and his references to the twenty-hour investigations demonstrate a lack of proficiency in Missouri statutory law rather than a lack of probable cause to arrest Ms. Harris and the defendant.

ences. *Blair, supra,* 691 S.W.2d at 260; *Donohoe, supra.* We note that in both the hearing and the trial, the state bore the burden of convincing the courts by a preponderance of the evidence to overrule the defendant's motions to suppress. *State v. Milliorn,* 794 S.W.2d 181, 184 (Mo.1990).

The seizure of marijuana from his van arose from the warrantless seizure of the defendant for the twenty-hour investigation. A seizure under the Fourth Amendment of the United States Constitution occurs when a law enforcement officer uses authority or a show of force to restrain a citizen. *Brown, supra.* A warrantless arrest may take place only when the officers act with probable cause, which exists when a reasonable person would believe that the suspect has committed an offense. *Texas v. Brown,* 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983). That belief must rest on the particular facts and circumstances of the situation, *State v. Stokes,* 710 S.W.2d 424, 426 (Mo.App.1986), and not on the police officer's good faith or subjective belief employed in the seizure. *Donohoe, supra,* 770 S.W.2d at 257.

The defendant argues that the trial court committed reversible error by abusing its discretion in admitting into evidence the drugs seized from his van. He contends that in the absence of a search warrant the sheriff needed probable cause to search the vehicle and that no probable cause existed. He notes specifically that the sheriff had no idea who had committed a crime in the motel room and thus could not reasonably believe that the defendant had committed an offense. He further maintains that the search did not fall into either the "incident to a lawful arrest" or the "inevitable discovery" exceptions to the law governing searches and seizures.

First, the defendant has not convinced us that the sheriff searched his van without probable cause to believe him guilty of a crime. The sheriff had received information from an informant that the defendant would transport drugs to Nevada and would stay in a certain room at the Cozy Court Motel. Mr. Richardson argues

that the hearing court should have ordered the state to disclose that informant's identity. A trial court has the discretion to order the state to disclose a confidential informant's identity. *See State v. Hall,* 761 S.W.2d 691, 693 (Mo.App.1988). If, as here, a confidential informant only has provided a tip to the police and has participated in no transaction leading to the defendant's arrest, the state need not reveal that informant's identity. *Id.* at 695.

In addition, the sheriff corroborated much of the informant's tip. In so doing, he followed the mandate of *Draper v. United States,* 358 U.S. 307, 313–14, 79 S.Ct. 329, 333–34, 3 L.Ed.2d 327 (1959), which held that law enforcement officers, acting on an informant's tip, had probable cause to arrest someone without a warrant, after they first had corroborated the information contained in the tip. In *Draper,* the officers arrested the defendant after they saw him, carrying illegal drugs, as the informant said he would, and dressed in clothes the informant said he would wear, alight from a train originating in Chicago, as the informant had said, at the time the informant had said the train would arrive. *Id.* at 313, 79 S.Ct. at 333. *See also United States v. Mitchell,* 425 F.2d 1353, 1357 (8th Cir.), *cert. denied,* 400 U.S. 853, 91 S.Ct. 85, 27 L.Ed.2d 90 (1970).

Here, the sheriff verified that Mr. Richardson had arrived in Nevada, as the informant said he would. The sheriff discovered his van parked outside the motel room that the informant said that he would stay in. The sheriff discovered that room registered to Ms. Harris. Thus, the sheriff had a reasonable belief that Mr. Richardson had some contact with Ms. Harris' motel room.

Shortly before he entered that room on the day of the arrests, the sheriff saw defendant Richardson leave the motel room. Upon entering the room, the sheriff smelled the fairly strong odor of marijuana smoke, and soon after that Mr. Richardson returned. Therefore, the sheriff could reasonably conclude that Mr. Richardson had some connection with the use of marijuana in the room. The discovery of marijuana,

in Ms. Harris' purse served to intensify his belief.[4] Although it tends to stretch the bounds of reasonable fear for the officers' safety, we cannot call the search of the purse unreasonable. The cumulation of these facts and circumstances would cause a reasonable person to believe that Mr. Richardson may have hidden additional contraband in his van. *State v. Stokes, supra.*

 Assuming arguendo that the sheriff did not have probable cause to search the van at the motel, nevertheless, he would have discovered the drugs found in the van during an inventory search. Thus, an exception to the restraints on searches and seizures applies. Missouri holds warrantless searches, such as the search of Mr. Richardson's van, presumptively invalid. *State v. Valentine,* 584 S.W.2d 92, 98 (Mo. 1979) (en banc). The state rebuts that presumption, however, when it introduces evidence discovered during a routine police inventory. *Id.*

In *Nix v. Williams,* 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984), the United States Supreme Court held admissible evidence, initially seized illegally, but that the police eventually and inevitably would have seized legally. *Id.* at 443–44, 104 S.Ct. at 2508–09. The Missouri Supreme Court followed this holding in *State v. Milliorn, supra,* 794 S.W.2d at 184–85. The court added, however, that where the state argued inevitable discovery of evidence as the result of a police inventory of a vehicle, it bore the burden of proving that police policy mandated an inventory. *Id.*

Here, the sheriff testified unequivocally that his department mandated the impoundment and inventory of a vehicle to protect its contents when the department has taken its driver into custody. The sheriff further testified that officers had no set place to inventory a vehicle. We conclude, therefore that the sheriff conducted a legal inventory search of the defendant's van.

Finally, the defendant cannot complain of the illegality of the discovery of the cocaine in his van. That discovery followed from a lawful search warrant issued by an associate circuit court after the defendant's arrest.

By a preponderance of the evidence the state demonstrated ground for denying Mr. Richardson's motion to suppress and that the hearing court's order rested on substantial evidence.

For the foregoing reasons, we affirm the judgment of the trial court.

All concur.

---

**4.** The sheriff had authority to search Ms. Harris' purse. In *Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969), the United States Supreme Court reiterated its holding that in a search incident to an arrest, as occurred with Ms. Harris, police could search the area within the accused's reach at the time of the arrest, in order to prevent the destruction of evidence and to prevent the accused from grabbing a weapon. *Id.* at 762–63, 89 S.Ct. at 2039–40.