293 S.W.3d 85 (2009)
STATE of Missouri, Appellant,
v.
J.D.L.C., Respondent.
No. WD 70769.
Missouri Court of Appeals, Western District.
September 1, 2009.
*87 Steven Kretzer, for Appellant.
Melinda K. Pendergraph, for Respondent.
Before Division Two: VICTOR C. HOWARD, Presiding Judge, JOSEPH M. ELLIS, Judge and MARK D. PFEIFFER, Judge.
VICTOR C. HOWARD, Presiding Judge.
The State of Missouri appeals the judgment of the trial court granting J.D.L.C.'s motion to suppress a breathalyzer sample. The State had charged J.D.L.C. (hereinafter "Minor") with misdemeanor minor in possession of intoxicating liquor for, as a person under the age of twenty-one years, having a detectable blood alcohol content of more than two-hundredths of one percent or more by weight. The judgment of the trial court is affirmed.

Facts
At approximately 10:45 p.m. on May 3, 2008, Deputy Keith Strutton of the Cole County Sheriff's Department stopped an extended cab pickup truck for speeding on Highway 50. As he approached the vehicle, he saw two cases of Bud Light beer in the bed of the truck. Deputy Strutton found four people in the trucktwo in the front seat and two, including Minor, who was twenty years old, in the back seat. The driver was the only person in the truck who was twenty-one years old or older. Meanwhile, another deputy arrived at the scene and noticed that the passenger in the front seat had a bottle of spiced rum. There was no alcohol in the back seat where Minor sat. Deputy Strutton ordered all of the occupants including Minor out of the truck. Deputy Strutton smelled a "faint" to "mild" odor of alcohol on Minor's breath. Minor did not have glassy or bloodshot eyes, and he was not belligerent. Deputy Strutton arrested the three passengers of the truck for minor in possession for being visibly intoxicated.
Deputy Ryan Petty transported Minor to the county jail. At the jail, Deputy Petty administered a breathalyzer test to test Minor's breath for the presence of alcohol. The breath test resulted in a.058% BAC.
Minor was charged with misdemeanor minor in possession of intoxicating liquor for, as a person under the age of twenty-one years, having a detectable blood alcohol content of more than two-hundredths of one percent or more by weight, section 311.325, RSMo Cum.Supp.2008. Upon Minor's motion, the trial court suppressed the breathalyzer sample taken from Minor finding that the arresting officer lacked probable cause to arrest and that the search of Minor's breath was not conducted under any exception to the warrantless requirement. This appeal by the State followed.

Standard of Review
In two points on appeal, the State claims that trial court clearly erred in sustaining Minor's motion to suppress.[1] In reviewing *88 the trial court's ruling on a motion to suppress, the appellate court considers all evidence and reasonable inferences in the light most favorable to the ruling and defers to the trial court's credibility determinations. State v. Granado, 148 S.W.3d 309, 311 (Mo. banc 2004). The trial court's ruling will be reversed only if it is clearly erroneous. Id. A ruling is deemed clearly erroneous if the appellate court is left with a definite and firm belief that a mistake was made. State v. Cook, 273 S.W.3d 562, 567 (Mo.App. E.D.2008). Where, like in this case, there is no dispute regarding the facts, the question of whether the police conduct violates the Fourth Amendment is one of law that is reviewed de novo. Id.

Discussion
The Fourth Amendment of the United States Constitution and article I, section 15 of the Missouri Constitution prohibits unreasonable searches and seizures. State v. Jackson, 186 S.W.3d 873, 879 (Mo.App. W.D.2006). A search conducted without a warrant is presumptively invalid unless it falls within certain recognized exceptions. Id. One exception to the warrant requirement is a search incident to lawful arrest. State v. Tackett, 12 S.W.3d 332, 337 (Mo.App. W.D.2000). To make an arrest without a warrant, a law enforcement officer must have probable cause to make an arrest. Id. at 338. "Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that the suspect has committed an offense." State v. Mahsman, 157 S.W.3d 245, 250 (Mo. App. E.D.2004). Absence of probable cause to arrest a suspect triggers the full protection of the Fourth Amendment. State v. Jacobs, 704 S.W.2d 300, 301 (Mo. App. E.D.1986).
"Generally, evidence discovered and later found to be derivative of a Fourth Amendment violation must be excluded as fruit of the poisonous tree." State v. Miller, 894 S.W.2d 649, 654 (Mo. banc 1995). See also State v. Renfrow, 224 S.W.3d 27, 33 (Mo.App. W.D.2007). "However, there is no steadfast rule that evidence discovered after a Fourth Amendment violation must be excluded." Miller, 894 S.W.2d at 654. In determining whether the exclusionary rule should apply, the question is whether the evidence was discovered "by exploitation of the illegality or instead by means sufficiently distinguishable to be purged of the primary taint." Id. (internal quotations and citations omitted). Factors considered in determining whether evidence should be excluded as fruit of the poisonous tree are the temporal proximity of the illegality to the evidence, the presence of intervening circumstances, the purpose and flagrancy of the official misconduct, whether the evidence can be proven through an independent source, and whether the evidence would have been obtained in the absence of the illegality. Renfrow, 224 S.W.3d at 34.
A person under the age of twenty-one years commits the misdemeanor of possession of intoxicating liquor if he
purchases or attempts to purchase, or has in his ... possession, any intoxicating liquor ... or who is visibly intoxicated as defined in section 577.001, RSMo, or has a detectable blood alcohol content *89 of more than two-hundredths of one percent or more by weight of alcohol in such person's blood.
§ 311.325, RSMo Cum.Supp.2008. Section 577.001.3, RSMo Cum.Supp.2008, defines "intoxicated condition" as "under the influence of alcohol, a controlled substance, or drug, or any combination thereof."
Deputy Strutton testified at the suppression hearing that he arrested Minor for minor in possession for being visibly intoxicated. The facts and circumstances of this case were not sufficient, however, for Deputy Strutton to believe that Minor was committing the crime of minor in possession. Minor did not own or drive the truck. He was sitting in the back seat, and the beer and rum were found in the bed and front seat of the truck. While Minor had a "faint" to "mild" odor of alcohol on his breath, he displayed no visible signs of intoxication. His eyes were not glassy or blood-shot, and he was not belligerent. The deputy did not have probable cause to arrest Minor in this case. See Jacobs, 704 S.W.2d at 301-02 (where defendant did not own or drive car, she was sitting in rear seat drinking a soft drink, officer did not detect any odor of alcohol on her breath, and beer was located on floor of front passenger seat, officer did not have probable cause to arrest her for minor in possession). Cf. State v. Dowell, 675 S.W.2d 875, 877-78 (Mo.App. W.D.1984)(where police officer observed moderate odor of alcohol on defendant's breath, defendant's underage status as indicated by driver's license, the presence of beer cans in back of his truck, defendant's movement toward passenger side of truck after having been stopped, and a cooler partially covered with a blanket, officer had probable cause to believe minor had in his possession intoxicating beverages justifying warrantless search of defendant's truck).
The breathalyzer sample was so closely tied with the illegal arrest that it cannot be "purged of the primary taint." The breathalyzer sample was obtained in close temporal proximity to the illegal arrest. And the likelihood that the breathalyzer test results would have been obtained absent the illegal arrest is not substantial. The trial court did not clearly err in granting Minor's motion to suppress the breathalyzer sample. The points are denied.
The judgment is affirmed.
All concur.
NOTES
[1] In its first point, the State claims that the trial court clearly erred in sustaining Minor's motion because Miranda warnings are not required when minor in possession suspects provide breath samples at the request of law enforcement. The lack of Miranda warnings was not, however, the basis of the trial court's ruling on Minor's motion to suppress and, thus, does not need to be addressed here. The State's second point, that the trial court clearly erred in finding that the arresting deputy lacked probable cause to arrest, will be addressed.